## WIGGINS HILL vs. JAMES T. HOBART & al.

Where two defendants had received payment in full for a tract of land, and had given a bond to the plaintiff, conditioned, that they should " in a reasonable time after request, make and execute to the plaintiff, or his assigns, a good and sufficient deed to convey the title to said premises," a request for the deed may be good, without the production of the bond at the time.

The obligors are bound to *make* and execute the deed.

Although the title be in but one, the deed must be executed by both obligors.

The making of a subsequent demand is no waiver of a prior one.

When the facts are clearly established, or are undisputed, or admitted, what is a reasonable time, or what is a waiver of right, is a question of law. But where what is a reasonable time, or what is a waiver of right, depends upon certain other controverted points, or where the motives of the party enter into the question, the whole is necessarily to be submitted to the jury, before the court can make any determination thereon.

Where a party can, if he pleases, proceed by bill in equity, and obtain a specific performance of a contract to convey land, he is not compelled to resort to that remedy, but may elect to proceed at law, and may recover in damages the value of the land, at the time the conveyance should have been made.

When the contract stipulates for the conveyance of the land, or estate, or for a title to it, performance can be made only by the conveyance of a good title. And when it stipulates only for a deed, or for a conveyance by a deed described, performance is made by giving such a deed or conveyance as the contract describes, however defective the title may be.

A contract to make and execute " *a good and sufficient deed to convey the title to said premises*," is not performed, unless a good title to the land passes by the deed.

THIS was an action of debt, commenced, *Feb.* 18, 1836, upon a bond made by the defendants, *James T. Hobart* and *Sylvanus L. Mitchell*, to the plaintiff, dated *June* 15, 1835, which recites that the defendants had received the full consideration, $44,998,33, for a tract of land described, and concludes thus, " Now if we in a reasonable time after request shall make and execute to said *Hill*, or assigns, a good and sufficient deed to convey the title to said premises, then this obligation is to be void, otherwise to remain in full force and effect." It is believed, that the case will be sufficiently understood from the requests for instruction, from the instructions given, and from the opinion of the Court, without a particular statement of the facts.

At the trial before Shepley J. the defendants' counsel requested the Judge to give the following instructions. 1. That a demand was not good without the production of the bond, and the offer of a deed drawn, and designation of the parties. 2. A deed from *S. L. Mitchell* alone, if the title was in him, was sufficient to answer the condition of the bond, and if *Hobart* had no title in him, it was not necessary for him to sign the deed. 3. If there was a demand in *August,* and also a promise to deliver a deed at *Bangor* in the fall when *Mitchell* came down, yet if *Hill* afterwards made another demand in *November,* and a deed was given to him, it was so far a waiver of rights under the first demands, that those first demands may be laid out of the case, and the rights of the parties depend upon the last demand, and the proceedings thereupon. 4. That a deed from *S. L. Mitchell,* if he had a clear title except the two mortgages, was sufficient to convey the title to the premises. 5. That if *Hayward* upon inquiry was told, that the mortgages existed, and he took the deed notwithstanding, and if *Hill* knew at the time the deed was sent to him, that the mortgages were still existing, by keeping the deed the time he did, he waived all objections on account of the mortgages. 6. That if the plaintiff is entitled to recover any damages, having shown no special damage, and the defendants having in *July,* 1836, removed all incumbrances, and having afterwards, on the 3d of *August,* 1836, again offered the deeds, he can recover nominal damages only. That if the incumbrances existed at the time of giving the deeds, and had never been removed by the defendants, the utmost extent of the damage in such event would be the amount of the incumbrances. 7. That the plaintiff can compel by law or in equity the delivery of the deed to him at any time.

The Judge did not give any of the instructions thus requested, and instructed the jury as follows : That if they were satisfied from the testimony, that a demand had been made of either of the defendants for a deed, such demand would be good, although the person making it did not have the bond with him, when it was made ; that it was the duty of the defendants, both by their contract and by law, to make, execute, and deliver the deed, and that it was not the duty of the plaintiff to have it prepared and tendered to them for execution ; that a deed from *Mitchell* alone,

even if the title was good in him, would not be a performance of their contract; that the deed of the 20th *Nov.* would not be re-garded as a compliance, as there was a defect in two particulars, in not being signed by *Hobart* and in not conveying a perfect title, it being proved and admitted, that there were incumbrances upon the land by two mortgages upon the same; that the deed of *Nov.* 20, could not therefore be regarded as a performance by the defend-ants, unless from the circumstances under which it was received by *Hayward,* referring them to the proof in relation thereto, it was received with a full knowledge of the defect of title, and with a design to accept the same, and not for the purpose of transmitting it to the plaintiff for him to decide for himself by the consent of the defendants, and that if from the proof they believed it to have been received by the plaintiff himself *without a knowledge* on his part, whether the title was then free from incumbrances, and that he retained it only a reasonable time for him to obtain that informa-tion and then returned it, that would not amount to an acceptance on his part so as to prevent him from insisting upon a legal perform-ance, nor would it amount to a waiver of his legal rights. In rela-tion to the amount of damages, the jury were instructed, that the rights of the parties must be determined by the state of the facts at the time this action was brought, and that all subsequent pro-ceedings might be laid out of the case; that the obligation of the defendants required them to convey the title to the land described; that if they had not complied with it, the injury to the plaintiff was the loss of the title to the land, and that the proper and legal com-pensation was the value of the land at the time of a demand made and a refusal or neglect to perform, and that in finding that value, they might take into consideration the price agreed by the parties, and such other evidence as there was in the case. The jury found a verdict for the plaintiff for the consideration money, and interest thereon, which was to be set aside, if there was error in withhold-ing the instructions, or in giving such as were given.

*F. Allen,* for the defendants, contended that the instructions re-quested at the trial, ought to have been given, and that the instruc-tions actually given, did not meet the case, or were erroneous. He cited *Sugden on Vend.* 162; *Parker* v. *Parmlee,* 20 *Johns. R.* 136; *Atwood* v. *Clark,* 2 *Greenl.* 249; *Freeman* v. *Boynton,* 7

*Mass. R.* 483; *Fuller* v. *Hubbard*, 6 *Cowen*, 13; *Hackett* v. *Huson*, 3 *Wend.* 249.

*Rogers* and *E. Brown* argued for the plaintiff, citing *Lawrence* v. *Parker*, 1 *Mass. R.* 191; *Porter* v. *Noyes*, 2 *Greenl.* 22; *Sanford* v. *Aiken*, 5 *Mass. R.* 494; *Barney* v. *Norton*, 2 *Fairf.* 350; *Bean* v. *Mayo*, 5 *Greenl.* 94; *Ketchum* v. *Evertson*, 13 *Johns. R.* 359; *Newcomb* v. *Brackett*, 16 *Mass. R.* 161; *Eames* v. *Savage*, 14 *Mass. R.* 425; *Com. Dig. Condition.*

The opinion of the Court was drawn up by

SHEPLEY J. — The bond, declared upon in this case, differs, in one important particular, from those numerous bonds given within the last few years to convey real estate, upon payment or security of the purchase money. It recites an entire payment of the purchase money; and no act, other than to demand one, remained to be done by the plaintiff, to entitle himself to a conveyance. And this demand he was at liberty to make whenever he pleased.

The rights of the parties are supposed, by the defendants' counsel, to be presented in their requests for instructions, which were declined; and it became necessary to examine and decide upon them.

He first alleges, that a demand for a deed would not be good, unless the person making it had the bond then present with him; and that it was, the duty of the plaintiff to prepare and present the deed. When a demand is made for the payment of a note, it should be present, that if paid it may be surrendered or cancelled. And such might have been the case here, if the deed was to have been delivered at the time of demand, but such was not the agreement of the parties. The contract obliges the defendants to deliver the deed, not upon request, but " in a reasonable time after request." And it is sufficient, if the bond were ready to be delivered up upon delivery of the deed, for it is only then, that the defendants have any right to call for its production. The contract plainly declares it to be the duty of the defendants, to "make and execute" the deed; and such was decided to be their legal duty, in the case of *Tenney* v. *Ashley*, 15 *Pick.* 546.

The second and fourth requests allege, that a deed, executed by one of the obligors would have been a compliance with the con-

tract, the title being in him; because the contract does not require any covenants in the deed. The cases cited do decide, that when the contract does not explicitly, or by reference, require any covenants, the party cannot insist upon them. These cases proceed upon the principle, that the contract is to be performed precisely according to its terms, and upon that principle, the plaintiff is entitled to a performance according to the agreement. One party to a contract cannot set up, as a justification for not performing, that it would have been of no service to the other party. It is only when the question of damages arises, that he can enter upon that inquiry. The plaintiff may have an important interest in having both execute the deed; for if the title should fail to be conveyed by a deed without covenants, when the contract was for a good title, it is by no means certain, that the consideration may not be recovered back; for it is where the party takes the title at his own risk, that it has been decided, that he cannot recover back the consideration. And the plaintiff was entitled to have both names to the deed, that he might, in equity or at law, proceed against both for the purpose of having a decision upon his right to some redress, in case of a failure of title, which was agreed to be made good.

The third request alleges, that the last demand, and the reception of the deed afterward, was a waiver of the previous demands. The common understanding would be, that the more frequently he insisted upon it, the more earnest he was for a performance. And so far as any thing could be inferred from a reception of the deed, the effect of it upon the rights of the parties, under all the circumstances attending it, was submitted to the jury. If the deed was received as a compliance, it would be a satisfaction, rather than a waiver of all the demands; if not so received, but taken by consent, for examination, and returned within a reasonable time, it would be neither a waiver nor a satisfaction of any existing rights or claims. It is said, that whether it was returned within a reasonable time, should have been decided by the Court, and not have been left to the jury. Where the facts are clearly established, or are undisputed, or admitted, reasonable time is a question of law. But where what is a reasonable time depends upon certain other controverted points, or where the motives of the party enter into the question, the whole is necessarily to be submitted to a jury, be-

fore any judgment can be formed, whether the time was or was not reasonable. And such was the state of matters in this case, that a court could not decide, without first determining several litigated questions, which were properly to be argued and submitted to the jury.

The fifth request, that if the plaintiff and his agent, when the deed was received, knew of the existence of the mortgages, he, by keeping it so long, waived all objection on account of them. It would have been improper to have instructed the jury, that the detention of the deed for that time, was, of itself, a waiver, without allowing them to consider for what purpose it was received, and what necessity existed for so long a detention. And with these accompanying circumstances, it was submitted to their consideration. The *instructions given*, required the jury, if they found for the plaintiff, to find that it was received by him without a knowledge, whether the title was or was not free from incumbrance, and that the detention was for the purpose of obtaining that information.

The sixth request relates to the measure of damages, and the seventh supposes, that the plaintiff may in equity obtain the deed at any time. When a party has a covenant for a title, he may in a proper case, if the other party can perform, obtain a specific performance in chancery. If the other party cannot perform, he must be content with his remedy at law. If he elect to proceed at law, and recovers damages, that is a satisfaction of the contract, and he cannot afterward in chancery obtain the title. He has an election and may proceed at law, and when he does, he is entitled to a complete indemnity and to no more. By a performance he would have received the land, and not receiving that, if he obtains the value at the time, that is the exact measure of his loss. As the plaintiff had performed on his part he was entitled to the land, or to its value, and the instructions were correct. *Hopkins* v. *Lee*, 6 *Wheat.* 109.

The next objection relates to the testimony excluded. The answers of the witness, *Chamberlain*, which were not admitted, relate to conversations and proceedings before the execution of the bond, and cannot be admitted to explain or alter its terms. It is not material, nor would it affect the rights of the parties to prove, that the

defendants did not seek the contract, or that they were induced by others without fraud to make it.

The instructions are alleged to have been erroneous in requiring from the defendants, the conveyance of a title free from incumbrance. This is a point of such importance, that a careful examination might be expected. The rule in equity is clear and well established, requiring a perfect title to be made, unless the contrary has been agreed. A person is never supposed to be desirous of purchasing a lawsuit, or a title attended with doubt and vexation, instead of one upon which he can quietly repose. *Mr. Sugden* says, " a court of law will look as anxiously to see, that the title is clear of doubt as a court of equity would." *Sug. V. & P.* 244. Among the cases at law examined, there are several, where the contract has been decided to be performed by giving a deed, when there were defects in the title. Such decisions have usually turned upon the peculiar phraseology of the contract. Without asserting that they can all be perfectly reconciled, it is believed, that the general principle to be collected from them is, that when the contract stipulates for a conveyance of the land or estate, or for a title to it, performance can be made only by the conveyance of a good title. And when it stipulates only for a deed, or for a conveyance by a deed described, performance is made by giving such a deed or conveyance as the contract describes, however defective the title may be.

In this case, the defendants covenant to make and execute " a good and sufficient deed to convey the title to said premises," they speak of the title as an entirety, and the deed is not sufficient, unless it is conveyed. The language does not authorize the conclusion, that a partial or defective title was intended. It is the deed which is to be good and sufficient, but it is to be so for the purpose of conveying the title. And the intended purpose was not accomplished without conveying it.

If it be matter of regret that parties by their neglect should subject themselves to great losses, the administration of justice must proceed upon fixed rules, which cannot accommodate themselves to their relief from consequences arising from the want of foresight and vigilance.

*Judgment on the verdict.*