## JOHN RUSS *versus* JOHN WILSON.

The Court has not equity jurisdiction, under our statutes, where the plaintiff in equity sets forth in his bill, that he had left with the defendant, an attorney at law, certain demands against a number of individuals for collection, under an agreement that the defendants should apply the proceeds, when collected, to the payment of a note of hand held at the time by the defendant against the plaintiff, and should account for the surplus, and avers, that more than sufficient had been collected to pay the note, but that the plaintiff had neglected and refused to apply the same to the payment thereof or to account for the same, there being a plain and adequate remedy at law.

A discovery, in equity, can be claimed rightfully only in cases within the equity jurisdiction of the Court.

It is only when the plaintiff in equity has exercised due precaution to prevent an injury, that he can be relieved by an injunction.

THIS was a bill in equity, instituted in July, 1841, wherein the plaintiff alleges that on Feb. 28, 1822, he gave his note to the defendant, Wilson, and his then partner, Z. Porter, since deceased, for $120, payable in six months with interest, and on the day next following he left with them, they being attorneys at law, a large amount of notes and accounts in his favor against different persons to pay this note, and that they agreed to collect the demands, pay the note from the money, and account to Russ for the balance; that he supposed the note to have been paid until a suit was brought against him by Wilson, as surviving partner, upon the note at the March Term of the C. C. Pleas, 1828; that this suit was refered and kept in Court until March Term, 1839, when the reference was discharged, "and such further proceedings were had thereon that at December term of this Court, 1839, a verdict was recovered for said Wilson for the whole amount of the note including interest thereon, without any allowance or deduction therefrom on account of said demands, which said action is now pending in this Court;" that an amount had been collected on these demands more than sufficient to pay the note; that a few days before the commencement of the equity process Wilson had been requested to render an account of the col-

lections, and had promised so to do, but did not, " thus keeping the plaintiff in ignorance of the true state and condition of his affairs entrusted to the care of said firm, to the great injury of said Russ, whereby he became wholly discharged from his legal liability; and that " the attempt of said Wilson to compel him to pay said note and interest is illegal, oppressive and unjust ;" and prays, " that unless said Wilson shall consent to have said collections applied to the payment of said note, that he be forever enjoined from and against further prosecuting his said action in this Court, and from recovering judgment on the verdict."

The answer was in the form of the general issue, and of one special plea, by leave of Court, of the statute of limitations, (as in a suit at law,) and another denying that he ever received money enough to pay the costs on said demands, and averring his belief that his partner in his lifetime had not received sufficient for that purpose, and that the only notice he ever had of the plaintiff's claim on account of those demands was, " in his attempting to show payment of said note to the satisfaction of the jury or juries who tried the action in the two Courts, or unless the action commenced by said Russ against said Wilson to recover the amount of said demands be considered a call ;" and denying the allegations in the bill.

The case was argued in writing.

*J. Williamson,* for the plaintiff, contended, among other things : —

That enough was collected by the firm of Wilson & Porter, on the demands left with them, to pay the note, and a balance beyond to be accounted for.

The statute of limitations does not apply to cases of trusts, because no duty or obligation arises on the part of an attorney till a demand made. 5 Pick. 321 ; 9 Pick. 212 ; Angel on Lim. 183 ; 20 Johns. R. 576 ; 1 Story's Eq. 442 ; 4 Greenl. 532. But here a new promise is proved.

Whether the subject of the collections has or has not heretofore been brought into any investigation in an action at law

Russ *v* Wilson.

has no bearing in the matter, because an action at law would not furnish a complete and adequate remedy. Rev. Stat. c. 96, § 10; 1 Story's Eq. 430, 446.

It is too late now to question the jurisdiction of this Court. *Clark* v. *Flint*, 22 Pick. 231.

The Court will take care that injustice shall not be done through the process at law in their own Court, and will therefore grant an injunction to stay proceedings in the action on the note, and will compel a discovery of the sums collected.

*Wilson, pro se*, said that no money had been collected on the demands, which had not been accounted for, and that this fact had been submitted to the juries and considered by the Court in the actions, *Wilson* v. *Russ*, and *Russ* v. *Wilson*, and decided in his favor, and that therefore he was not bound farther to respond. And that the matter had remained until after the death of his partner, who attended solely to this business, and was undoubtedly settled by him, and that it was honest and right in such case to rely on the statute of limitations. The bill was not brought until fifteen years after the action on the note.

The opinion of the Court was drawn up by

WHITMAN C. J. — In matters of equity this Court has but a limited jurisdiction. It is therefore incumbent on the part of the plaintiff, in every cause of this kind, to bring his case within some one of the specifications in the statutes, authorizing the Court to take cognizance of such matters. The plaintiff, in his bill here, sets forth a special contract between himself and the defendant, and his deceased partner, Porter, and that the same has been broken by them. His statement is, that he had left with them certain demands, against a number of individuals for collection, under an agreement with them, that they should apply the proceeds, when collected, to the payment and discharge of a demand, which the defendant and his partner held, by note of hand, against the plaintiff; and, after fully paying the same, to account for the surplus, which might remain. The breach assigned is, that more than suffi-

cient to pay said demand had been collected, which had not been so applied; and that the defendant has wholly refused to apply or account for the same, and for any surplus thereof.

And it is contended that this was a case of trust; and, as such, cognizable in this Court, sitting in equity. That it was constructively a trust may be admitted; but it is not every case of constructive trust that is, under all circumstances, cognizable in equity. Such trusts embrace a wide field, the remedy in which may, in most cases, be sought at law, and much more appropriately than in equity. Various pretences are often resorted to in order to uphold jurisdiction in equity; but such pretences should not be listened to with too much facility. The proceedings at common law are, in almost every case, especially of contract, sufficiently well adapted to the promotion of remedial justice. They are precise and direct to the object in view; are simple and expeditious; and attended with but little comparative expense; while the proceedings in equity are latitudinary, multifarious, dilatory; and often vexatious. The straining to attain exact equity is not unfrequently the road to ruin to both parties. To yield, therefore, too inconsiderately to the pretences, that a party has not an adequate remedy at law, tends, but too frequently, in the end, to pervert justice, and to render legal proceedings deservedly odious.

If we could take cognizance in equity of an agreement like the present, and of the breach of it, there would seem to be but few cases of breach of contract, which might not, with equal propriety, be presented to us by bill in equity. But we cannot deem the cognizance of such matters otherwise than as pertaining to a Court of law, in which the remedy could scarcely fail to be otherwise than plain and adequate.

The counsel for the plaintiff, in his argument insists, that jurisdiction is to be entertained, because a discovery and disclosure by the defendant is supposed to be needed, or because an injunction, as a remedy, may become necessary. But a discovery can be claimed rightfully only in the cases specified, as being within the equity jurisdiction of the Court. Rev. Stat. c. 96, § 10. Injunctions, it is true, may be granted "in all

cases of equity jurisdiction, when necessary to prevent injustice." § 11 of the same statute.

It is, however, only when the plaintiff has exercised due precaution to prevent an injury, that he can be relieved by an injunction. Whenever he could have defended himself, in an action at law, by making use of the same matter, and has not done it, or whenever it shall be in his power so to defend himself, he is not entitled to such relief. It is only to prevent mischief, otherwise in a manner irreparable, that this mode of redress can be resorted to. In the case upon the note, set forth in the bill, the right of the plaintiff to have availed himself, in his defence, of the matter relied upon here, was ample and perfect. The same testimony now adduced might have been adduced there; and if not there adduced, or if there adduced and proved to be unavailing, the plaintiff can have no right to a review of the same subject matter in equity. *Hopkins* v. *Lea,* 6 Wheat. 109; *York Man. Co.* v. *Culls,* 18 Maine R. 204; *Harrison* v. *Nettleship,* 2 Mylne and Keene, 423; *Marine Ins. Co.* v. *Hodges,* 7 Cranch, 336.

In the case at bar it is truly singular, that, although, by way of recital, a defence to the note upon grounds here set up, in an answer to one of the plaintiff's interrogatories, is alluded to, yet no direct averment by the defendant, in his answer to that effect is made; nor is there any offer to prove, by record or otherwise, that the plaintiff availed himself of the proof made here, in his defence there; yet the evidence here tends strongly to show that such defence was made there, and supported by the same evidence as adduced here; and, moreover, the defendant, in his argument here, urges this as a ground of defence distinctly; and the plaintiff in his reply does not deny, that such defence was made without effect. If this matter had been directly put in issue by the pleadings, and the proof were what it seems reasonable to believe it might have been, it must have availed the defendant conclusively. There are other anomalies in the bill, answer and pleadings, indicative of great oversight on the one side, and on the other; which it is unnecessary to notice. It is sufficient for the defendant that the

matters set up here by the plaintiff are such as might and should have availed him, if at all, in his defence in the suit upon the note.

　　　　　　*The bill therefore must be dismissed.*