## RODGERS v. RUSSELL.

1. A bank note being passed off upon an agreement to take it back if not current, the person receiving it may recover, if it was uncurrent, although he had passed it off, had been sued for passing it as a current note, and had recovered a judgment; after which, and whilst the judgment was still in force in his favor, he took back the note, and brought suit against the person passing it to him.

Writ of Error to the Circuit Court of Tallapoosa.

THIS proceeding was commenced before a justice of the peace by the defendant in error, when he obtained judgment, and the cause was carried by appeal to the county court, and afterwards transferred to the circuit court.

Upon the trial, it appeared in evidence, that the plaintiff had received from the defendant a $20 bank bill, in part change of a hundred dollar note, and that the defendant represented it to be current, and promised to take it back, if it was not, and give other current money for it; and evidence was also offered tending to show it was not current in the neighborhood where the parties lived.

It was also in evidence, that the plaintiff passed off the bill to one Gray, and refusing to take the bill back from Gray, he sued the plaintiff before a justice, in which suit the plaintiff cast Gray, and obtained a judgment against him, which judgment is still in force and unreversed. Afterwards the plaintiff took the bill back from Gray. This is the same bill on account of which this action is brought.

The defendant's counsel moved the court to charge, that if the plaintiff had recovered judgment against Gray, as before stated, and that judgment was still in force, they must find for the defendant, which charge the court refused, and the defendant excepted, and now assigns that matter as error.

Rodgers v. Russell.

W. P. CHILTON and FALCONER, for plaintiff in error.
MORRIS, contra.

ORMOND, J.—It is very certain that the fact that Russell passed off the note to Gray, did not exonerate Rodgers from the performance of his contract, if the note was in fact not current, and returned again upon Russell. How is the case altered by the litigation between him and Gray, to which Rodgers was neither party or privy. If in that suit Gray had cast Russell, assuredly that judgment would have been no evidence against Rodgers, that the bill was not current; and for the same reason, it is not evidence for him. The case of Lea & Hopkins, 6 Wheat. 109, merely affirms the well known principle, that a judgment or decree, upon the same matter, between the same parties, cannot again be brought in litigation.

It is however urged, that the taking back of the bill by Russell, from Gray, after he had obtained a judgment, affirming that the note was current, was a purchase of it from Gray, as the judgment, whilst it remained in force, was a satisfaction. There would be some force in this objection, if it were clear that the judgment in favor of Russell, was irreversible. It may be that he became satisfied, it was erroneous, and the result of this case would seem to indicate, that it was, and that he did not wish to risk the costs of further litigation with Gray. In that aspect, he certainly had the right to abandon the judgment he had obtained, and take back the note, and call on Rodgers to perform his contract, by giving him current money for it. We cannot therefore assume from the fact that he obtained a judgment against Gray, that he was exonerated from liability, so as to raise the presumption that he had abandoned the contract with Rodgers, and made a new contract with Gray.

Let the judgment be affirmed.