### FLETCHER vs. BUTTON.

In an action brought by the vendee of real estate, against the vendor, for a breach of his covenant to convey the premises, the purchase money having been fully paid before, or at, the execution of the covenant, the plaintiff is entitled to recover the amount of purchase money actually paid by him, with interest thereon for a period not to exceed six years.

Whether, in such a case, a more stringent rule might not be adopted, and the plaintiff be allowed to recover the value of the land at the time of the refusal to convey, with interest from that time ? *Quære.*

Whether the purchaser has been in the occupation of the premises at all, or whether he was in possession up to the time of the trial, is immaterial, and cannot affect his right to sustain the action.

A breach of the contract alone entitles the purchaser to an action ; and such a breach occurs when the vendor, upon request, refuses to convey the premises.

In such an action the defendant, under proper pleadings, may be permitted to show that a balance remains due to him upon a note given for the purchase money, and to produce and cancel the note, at the trial, with a view to a deduction of that sum, with interest, from the amount the plaintiff is entitled to recover.

THIS was an appeal, by the defendant, from the judgment entered in this action upon the verdict at the circuit. On the 13th of April, 1841, the defendant gave his bond to Isaac Fletcher and Isaac Fletcher, jun. conditioned to execute or cause to be executed to the obligees a *good and sufficient warranty deed* of the premises therein described, *free of all incumbrances,* by the 1st of January, 1842, in consideration of $500 which he acknowledged in the bond to have been received and paid *in full satisfaction* for the premises. The plaintiff, Isaac Fletcher, jun. became sole owner of the bond, by assignment from the other obligee, and repeatedly requested the defendant to give a deed and to perform the condition, which he refused, on the ground that he had no deed himself, and could not convey any title. The plaintiff, after waiting six years and eight months for the defendant to obtain title and perform the condition, brought this action upon the bond, and claimed to recover as

damages for non-performance of the condition the purchase moneys paid, and six years' interest thereon. The defendant, by his answer, claimed to be allowed for the use of the premises by the purchasers, as a set-off against the claim of the plaintiff. He also claimed that the purchase moneys *actually* paid were less than $500; and he set up no other defense. The jury found, under the instructions of the court, a verdict for the plaintiff for $657,31, being the amount of purchase moneys actually paid, as proven by the defendant's witnesses, and six years' interest thereon.

*S. T. Fairchild,* for the plaintiff.

*W. J. Hough,* for the defendant.

*By the Court,* ALLEN, J.   The principal question presented for our decision upon the appeal in this cause, and upon which the other questions made upon the trial in some measure depend, is as to the proper rule of damages in an action brought by the vendee of real estate against his vendor, for a breach of his covenant to convey the premises, the purchase money having been fully paid before or at the time of the execution of the covenant. The counsel for the appellant insists 1. That no action can be maintained, for the reason that the plaintiff was at the commencement of the action in possession of the premises, and had not put the defendant in the same situation in which he was before the contract; and has cited in support of his position various authorities.   But the decisions to which we are referred, are cases in which the plaintiffs have sought to rescind the contract on account of the default of the vendor, and have brought actions for the purchase money as for money paid upon a consideration which has failed.   And the courts have held in that class of cases that the contract could not be rescinded at the option of one party, so as to enable him to maintain an action for money paid, when the other party could not be placed in his former position, which could not be done when the vendee had had the possession of the premises, but that the remedy of the

Fletcher v. Button.

party was upon the special contract to recover the damages sustained by him. (2 *Phil. Ev.* 89. *Hunt* v. *Silk*, 5 *East*, 449. *Conner* v. *Henderson*, 15 *Mass. Rep.* 319. *Fuller* v. *Hubbard*, 6 *Cowen*, 13.) But it has been held that such action would lie notwithstanding the possession of the vendee for a time, if the vendor had refused to perform the contract and resumed the possession of the premises. (*Gillett* v. *Maynard*, 5 *John.* 85.)

The present action, however, is not brought to recover back the purchase money, in disaffirmance of the contract, but is in affirmance of and directly upon the contract, for the recovery of damages for a breach of it. And whether the plaintiff has been in the occupation of the premises at all, or whether he was in possession up to the time of the trial, is immaterial, as it can not affect the right of the plaintiff to sustain the action. A breach of the contract alone entitles a party to an action, and there was such breach when the defendant, upon request, refused to convey the premises. (*Delavergne* v. *Norris*, 7 *John.* 358. *Prescott* v. *Truman*, 4 *Mass. Rep.* 627.)

It is insisted, secondly, that the plaintiff, being in possession of the premises up to the time of the commencement of the action, he can recover but nominal damages; that actual eviction was necessary to entitle him to recover the entire purchase money by way of damages for the non-conveyance. I am unable to discover upon what principle the possession of the premises by the plaintiff can affect his remedy in this action. The contract, for the non-performance of which this action is brought, was for the title to, and not the possession of, the premises. The possession of the premises could not have been in part performance of such contract; and although it may have been beneficial to the plaintiff it did not at all mitigate the damages sustained by him by the inability or unwillingness of the defendant to convey the premises. Again; if the defendant had title to the premises, and a right to convey them, and has wilfully refused to perform his contract, he has done so in his own wrong, and has voluntarily placed himself in a position in which he may lose the use of the premises for the time during which the plaintiff has occupied them; but he can not be permitted,

by his own wrongful act, to change the character of the posses-
sion of the plaintiff, and make him a tenant, against his will,
instead of a vendee in possession under a contract of purchase.
If the defendant was not the owner, but had the right to occu-
py, or permit the plaintiff to occupy, the premises, then, having
contracted to convey them to the plaintiff and suffered him to
go into possession under the contract, although he may have
acted under a mistake, still he must bear the consequences of
that mistake. The plaintiff had a right to suppose that the de-
fendant was familiar with his own title, and had the right to
sell what he agreed to convey. (*Jackson* v. *Wood,* 3 *Caines'*
*Rep.* 111, *per Spencer, J.* *Hopkins* v. *Grazebrook,* 6 *B. & C.*
31, *per Abbott, C. J.*) If the defendant neither owned the prem-
ises nor had the right to occupy them, or to suffer the plaintiff
to occupy them, then it is very clear that he should not in any
manner have the benefit of the possession by the plaintiff. The
plaintiff, by his occupation, has made himself a trespasser, and
is liable to the true owner, for the value of such occupation.

In *Calkins* v. *Harris,* (9 *John.* 324,) the plaintiff in an ac-
tion for a breach of the covenant of seisin in a deed of convey-
ance, was held entitled to recover the consideration money and
interest for six years, notwithstanding the plaintiff had remained
in possession of the premises granted, up to the time of the trial.
And Sutherland, J. in *Baldwin* v. *Munn,* (2 *Wend. R.* 399,)
says that in an action of covenant for not conveying, the rule
of damages upon an eviction of real estate should control, by
the force of analogy. The rule of damages is the same in an
action for a breach of the covenant of seisin as in an action for
breach of a covenant for quiet enjoyment after eviction. (*Pitch-
er* v. *Livingston,* 4 *John.* 1. *Bennett* v. *Jenkins,* 13 *Id.* 50.
*Staats* v. *Ten Eyck,* 3 *Caines,* 111. *House* v. *House,* 10 *Paige,*
158.)

In *Gillett* v. *Maynard,* (5 *John.* 85,) the plaintiff was allowed
to recover the money paid by him upon a contract for the pur-
chase of real estate, with interest, notwithstanding he had been
in the occupation of the premises; the defendant having volun-

tarily rescinded the contract by refusing to convey, and reserving the possession of the land.

The measure of damages adopted by the judge at the trial was as favorable to the defendant as he could ask ; and it may be doubted whether a more stringent rule might not have been adopted, and the plaintiff have been allowed to recover the value of the land at the time of the refusal to convey, with interest from that time,

In *Hopkins* v. *Grazebrook*, (6 *B. & C.* 31,) a person who had contracted for the purchase of an estate, but had not obtained a conveyance, put up the estate for sale in lots by auction, and engaged to make a good title by a certain day, which he was unable to do, as his vendor never made a conveyance to him. And it was held that a purchaser of certain lots at the auction might, in an action for not making a good title, recover not only the expenses which he had incurred, but also damages for the loss which he sustained by not having the contract carried into effect. The defendant brought into court the deposit made by the plaintiff on the purchase, and his expenses, and a small sum for nominal damages. The judge, on the trial, told the jury they were not bound to confine their verdict to nominal damages, and a verdict was rendered for the plaintiff for £70 damages, which the court of king's bench refused to disturb. Abbott, C. J. says, "Upon the present occasion I will only say that if it is advanced as a general proposition that when a vendor can not make a good title the purchaser shall recover nothing more than nominal damages, I am by no means prepared to assent to it." And he distinguishes the case from *Flureau* v. *Thornhill*, (2 *W. Bl.* 1078,) in which the vendor, the defendant, was the owner of the estate, but the title was objectionable, and he had offered the plaintiff his election either to take the title with all its faults, or to receive back his deposit with interest and costs, and in that case, under the circumstances, the court held that the plaintiff was only entitled to his money with interest and costs. In *Hopkins* v. *Lee*, (6 *Wheat. Rep.* 109,) the supreme court of the United States decided that in an action of this kind the proper measure of damages was not the

Fletcher *v.* Button.

price stipulated in the contract, but the value at the time of the breach. In *Baldwin* v. *Munn*, (2 *Wend.* 399,) the supreme court of this state did not adopt this rule, but applied the rule in *Flureau* v. *Thornhill*, to a case very similar in its circumstances. The vendor in *Baldwin* v. *Munn* acted in good faith, and believed he had a title to the premises, and no part of the purchase money had been paid. The court adopted the rule of damages in case of eviction, as settled by the courts of this state. Sutherland, J. distinguishes the case of *Hopkins* v. *Lee* from an action upon a simple covenant to convey, and also remarks " that the rule of damages upon an eviction of real estate does not appear to have been settled in that court when the case of *Lee* v. *Hopkins* was decided." But Livingston, J. in *Hopkins* v. *Lee*, does not place his decision upon any principle other than the general principle which should control and measure the damages in actions between vendees and vendors, and lays down the proposition broadly, and does not refer to any peculiarity in the contract upon which that action was brought. It is also evident that he supposed that a different rule might prevail in an assessment of damages in case of an eviction upon a covenant contained in a deed ; for he says: " This is not an action for eviction, nor is the court now prescribing the proper rule of damages in such a case." In Kentucky it has been held that when the vendor was, without fraud, incapable of making a title, the rule of damages as settled by *Flureau* v. *Thornhill* was the true rule, and the vendee was entitled to recover the purchase money and interest ; (*Allen* v. *Anderson*, 2 *Bibb*, 415 ;) but that when the vendor fraudulently sold land to which he knew he had no claim, the measure of damages in equity was the value of the land at the time of impannelling the jury. (*McDonnell* v. *Dunlop, Hardin*, 41.) The value of the land at the time of the demand of a conveyance is held to be the measure of damages in an action upon a bond like the one in this case, in the state of Maine. (*Hill* v. *Hobart*, 16 *Maine Rep.* 164.) All the cases agree, however, that the least that the plaintiff is entitled to is the purchase money actually paid,

and interest; and this rule was adopted by the judge at the trial.

It is however insisted that interest should not have been allowed, for the reason that the plaintiff had been in possession and received the mesne profits, which should be a compensation for the interest of the purchase money. The judge, upon the trial applied to this case the rule of damages, in this respect, which has been settled as applicable to actions upon covenants for quiet enjoyment or of seisin, after eviction. The defendant is not entitled to any more liberal rule. In actions for eviction a party has been allowed only to recover interest to the extent of his liability for mesne profits; and as that is limited to the last six years, the recovery of interest for a period anterior to that time has not been allowed. (*Calkins* v. *Harris*, 9 *John.* 325. *Pitcher* v. *Livingston*, 4 *Id.* 1. *Bennett* v. *Jenkins*, 13 *Id.* 50. *Bickford* v. *Paige*, 2 *Mass. Rep.* 455. *Kelly* v. *Dutch Church of Schenectady*, 2 *Hill*, 105.) Even if it is true that the plaintiff in a case like the present should not receive interest when he would not be liable for mesne profits, for the reason that he had occupied by the assent of the defendant, who was the owner of the premises and might have made a title thereto, and would not, which I do not think entirely clear, still there is nothing in the evidence given, or in that offered to be given by the defendant, which should entitle the defendant to be relieved from the payment of interest in this case. The defendant admitted that he could not make a title to the premises, for the reason that he had no title himself; and there was no evidence that the defendant had a title, or the right to the possession to the premises, so that he could protect the plaintiff from an action for the mesne profits, at the suit of the rightful owner. The evidence offered did not tend to establish the fact that the plaintiff was not liable to any person other than the defendant, for mesne profits; or that the defendant had the right to the possession of the premises; or that the plaintiff was not a trespasser. 1. The defendant did not propose or offer to show in whom the title to the premises was, or that Roberts had any authority either from the true owner, or any other per-

son, to sell the premises, or to contract to sell them ; and 2dly.
It does not appear that the contracts for the purchase, under
which the defendant would be understood as claiming some in-
terest in the premises, gave him or any of those under whom
he claimed a right to the possession of the premises. If they
were mere contracts to sell they did not give a license to enter,
unless a right to the possession was given by their terms.    The
evidence was properly excluded.    The defendant proposed to
prove, upon the trial, that on the purchase of the premises by
the plaintiff and his co-purchaser they gave to the plaintiff
their note for the purchase money, and that a small balance re-
mained unpaid thereon ; and he insisted that such evidence was
proper, with a view to show the amount actually paid by the
plaintiff, and which, under the rule of damages adopted by the
court, he was entitled to rocover back with interest.    I am in-
clined to think that if the rule by which the damages were as-
sessed was the correct rule, the defendant, under proper plead-
ings, should have been permitted to produce the note and cancel
it at the trial, with a view· to a deduction of the amount actu-
ally unpaid from the amount of the purchase money.    If the
plaintiff is allowed to recover by way of damages the amount
unpaid upon the note, as for so much money actually paid, the
note may be collected, as the consideration will not have failed ;
and to avoid circuity of action, the whole matter might very
properly have been settled in this suit.    But the answer of the
defendant does not set up the note, or in any way alledge that
any part of the purchase money agreed to be paid, remains un-
paid.    On the contrary it impliedly admits the payment, by
alledging that the amount recited in the bond of the defendant as
having been paid was not the true sum paid, but that the true
amount paid was about two hundred and fifty dollars, thus
making the issue upon the amount of the consideration, and not
upon the actual payment of the purchase price.    If the defend-
ant had intended to insist that the whole or any part of the
purchase money had not in fact been paid, he should have set
it up in his answer.    He might as well insist that no part of
the agreed price had been paid, as to insist, under his answer,

that a part of it was in arrear.   The code contemplates a full statement in the pleadings of every material fact relied upon by the parties.   (*Code,* §§ 118, 128.  *Notes of Commissioners to* § 118.   *James* v. *McKerman,* 6 *John.* 543.)

The views advanced, if correct, dispose of all the questions made upon the trial and presented by the record, and the judgment must be affirmed.

Judgment affirmed.

SAME TERM.   *C. Gray, Pratt, Gridley, and Allen,* Justices,