## DIVOLL *v.* ATWOOD.

Where the defendant pleaded usury, and prayed a deduction of three times
the amount, in the mode prescribed by the statute, and, upon a denial of
all usury by the plaintiff under oath, judgment was rendered against the
defendant—*Held*, that this finding was conclusive upon the fact of usury,
and that it was not open to the defendant to prove it upon the general
issue, to show want of consideration to the extent of the unlawful in-
terest.

THIS was assumpsit, by John J. Divoll against Ira Atwood,
upon two promissory notes, to which the defendant pleaded
usury, and tendered his oath. The plaintiff thereupon
denied the usury under oath, and the court decided that
the deduction could not be made. Afterward the defend-
ant filed a confession as to all but the sum which he alleged
to be the unlawful interest, and as to that pleaded the gen-
eral issue, with a set-off; and upon the trial he offered to
prove, as showing want of consideration, that this sum was
for unlawful interest; but the court rejected the evidence,

it appearing that it was the same matter for which the plea of usury had been before pleaded, and the parties thereupon agreed that such judgment should be rendered as should conform to the opinion of the whole court.

*Hughes* and *Eastman*, for the plaintiff.

*Sawyer & Stevens*, for the defendant.

BELLOWS, J.   In this case the defendant pleaded usury, and prayed a deduction of three times the amount of the unlawful interest from the sum lawfully due.   The plaintiff, in his replication, denied the usury, and verified the denial by his oath ; and, in accordance with the provisions of the statute, the court decided that the deduction should not be made.   The question of usury was then directly in issue between the parties, and that question was decided on its merits.   It is true that the mode of trial is peculiar, and that the defendant had no opportunity to adduce evidence ; but he nevertheless elected this mode of proceeding, took his chance, and arrived at a decision, and we think he is bound by it ; otherwise there would be no equality of right between them, for if the plaintiff had failed to verify a denial in the mode prescribed, the deduction must have been made, and the plaintiff could not have availed himself of any other mode of trial.   The decision, then, being adverse to the defendant in the mode of trial he chose to select, it is right he should be bound by it. Had the issue been found by the jury, there could have been no question, although the object would have been different in the two cases,—in one to obtain a deduction of three times the unlawful interest, and in the other the deduction of the unlawful interest alone ; still, the fact of usury, and to the same extent, was the question involved in both inquiries, and the difference is rather in the judgment to be rendered.   *Betts* v. *Starr*, 5 Conn. 550, was

ejectment, to recover lands mortgaged, and the defence was usury in the notes secured: it was held that a judgment in a former suit upon the same notes, in favor of the plaintiff, where the same defence was set up, was conclusive; and there both the cause of action and the object were different. A similar decision was made in *Hopkins* v. *Lee*, 6 Wheat. 109, which was covenant, brought by Lee, the now defendant in error, upon Hopkins' agreement to convey certain military bounty lands to Lee whenever the latter should remove an incumbrance upon an estate called " Hill and Dale," conveyed by Lee to Hopkins. To prove that he had removed the incumbrance, Lee offered the record of a decree in a suit in equity, brought by Hopkins against Lee, to compel Lee to pay the amount which Hopkins alleged he had been obliged to pay to extinguish the incumbrance; and the report of the master showed that Lee had furnished the means to pay off the incumbrance, and a decree was rendered accordingly. Upon error, it was held that the decree was conclusive in the action of covenant. It seems to be settled, indeed, that where the same matter, which is directly in issue in one cause, comes incidentally in question between the same parties in another cause, though for another purpose, the former judgment is conclusive. Duchess of Kingston's case, 20 Howell St. Trials 538; 1 Gr. Ev., sec. 528; and note in *Bigelow* v. *Winsor*, 1 Gray 299; *Burnet* v. *Smith*, 4 Gray 50. Nor is it necessary that the judgment should be in a suit according to the course of the common law, or upon the verdict of a jury.

A decree in equity, where the complainant seeks discovery from the defendant, is equally conclusive as a judgment at law, although the plaintiff is often obliged to submit to such answer as the respondent sees fit to make; as in *Bigelow* v. *Winsor*, 1 Gray 299; *Hopkins* v. *Lee*, 6 Wheat. 109; *Hall* v. *Dodge*, 38 N. H. 351. In such cases the plaintiff seeks that mode of trial to avail himself of the respond-

ent's statements on oath, and he must submit to the judgment which is rendered. So in a summary process by the landlord to remove the tenant for non-payment of rent, a verdict finding that there was no rent in arrear is conclusive in replevin against the landlord on account of the same rent. *White* v. *Coatsworth,* 2 Seld. 137. So on a petition addressed to the discretion of the court to vacate a judgment, and a refusal to grant it, the merits of the decision, though not strictly a judgment, will not be reëxamined. *Claggett* v. *Simes,* 25 N. H. 402. So on a summary application to set aside an annuity, the court refused to entertain it upon the ground that a similar application many years before had been rejected; the court holding that their discretion ought to be guided by the rules that applied to judgments at common law. *Greathead* v. *Bramley,* 7 T. R. 455; *Schumann* v. *Weatherhead,* 1 East 537. So in *Simpson* v. *Hart,* 1 Johns. Ch. 91, 99, which was a bill for an injunction and set-off of judgments; and it appeared that an application by motion had been made, in a court of law having jurisdiction of the subject, to set off the judgments, but it was rejected after a full hearing. It was held that the matter must be regarded as *res judicata.*

Upon these principles there must be

*Judgment for the plaintiff.*