Tax Title Cases.

STATE v. DUGAN.

(*Jackson.* June 27, 1900.)

Appeal in error from Circuit Court of Shelby County. L. H. ESTES, J.

JAS. H. MALONE for State.

J. M. GREGORY for Dugan.

1. TAX TITLES. *Failure of trustee to file certified list with Circuit Court Clerk, fatal to.*

Failure of the trustee to file with the Circuit Court Clerk the required list, duly certified, of lands struck off to the State Treasurer at tax sales, is fatal to the title of a purchaser of such lands from the Treasurer. (*Post, pp. 246-251.*)

Act construed: Acts 1897, Ch. 1.

2. SAME. *Same.*

It is essential that the list shall be duly certified. It is not enough that it is substantially correct. Without certification of the list no title passes to the Treasurer and none to his vendees, and the State acquires by its purchase nothing more than an equity in the property. (*Post, p. 253.*)

Act construed: Acts 1897, Ch. 1.

Cases cited: Brien v. O'Shaughnessy, 3 Lea, 726; Mitchell v. Lipe, 8 Yer., 179.

3. SAME. *Same.*

Failure to certify the list is not cured by that provision of the Act which declares that the Clerk's deed "shall be an assurance of perfect title to the purchaser of said land, and no such conveyance shall be invalidated in any Court, except by

proof that the land was not liable to sale for taxes, or that the taxes for which the land was sold have been paid before said sale." (*Post, pp. 251–253.*)

Act construed; Acts 1897, Ch. 1, § 71.

BEARD, J. These cases, in one form or another, involve controversies between the original owners of real estate located in Shelby County and adversary parties who are setting up title to the same as purchasers at tax sales made under Chap. 1 of the Acts of 1897.

Many charges going to impeach the title of these latter parties, of a more or less serious nature are made by the original owners; some of these apply only to the title of one of these purchasers, others to two or more, but there is one common to all, which, if held to be good, is fatal, and will render unnecessary consideration of the remainder.

The tracts of land in question were sold by the County Trustee on account of the delinquency of the original owners in the payment of taxes due thereon, and were struck off to the Treasurer of the State for the lack of private bidders. Not having been redeemed within two years, the respective claimants went to the clerk of the Circuit Court and made in each case a payment such as the statute directs and received a conveyance from him. On these conveyances they rest as assurances of perfect title, impeachable, as they insist, by the original owner only

by bringing himself within the saving provision of the Act, as hereinafter set out.

Before considering the Act itself, it is proper to say that after the County Trustee struck off these lands to the Treasurer of the State he left a list thereof in the office of the clerk of the Circuit Court, but it was not authenticated or certified. And the question common to all these cases is, Can these purchasers from the Circuit Court Clerk, in the absence of a certified list, rest upon their conveyances as assurances of title upon a proper construction of the Act?

The statute is entitled, "An Act to provide more just and equitable laws for the assessment and collection of revenue, and to repeal all laws in conflict with the provisions of this Act." It contains ninety sections and covers a large part of the field for the assessment of property for and the collection of taxes. Only a few of these bear upon the present controversy, and these alone will be examined.

By Sec. 58 it is provided that the County Trustee, on receiving the tax books each year, shall give notice that these books are in his possession, and that he will attend at one or more public places of each civil district for the receipt of taxes. Sec. 59 provides that every taxpayer shall pay his various taxes, save where otherwise directed, on the first Monday of October of each

year, and Sec. 60 that all taxes remaining unpaid on the first Tuesday of March of each year shall be collected by the County Trustee in the mode therein prescribed. By Sec. 61 it is provided that after the first day of August of each year the Trustee shall advertise for sale all real estate upon which taxes remain due and unpaid, etc., at the door of the Courthouse on the first Monday of September following; and Sec. 62, that on this last-named day he shall proceed to sell all lands delinquent for taxes.

By Sec. 63 it is enacted "that no tract of land shall be sold for less than the amount of the taxes due thereon; and if no person will bid the amount of such taxes, the Trustee shall strike the same off to the Treasurer of the State, to be held in trust for the State, said sale to be for the amount of said taxes, and he shall, on or before the first Monday of October thereafter, file in the office of the clerk of the Circuit Court of his county a certified list of the land so struck off by him to the State Treasurer, specifying the days of the sale, the amount of the respective taxes for which said sale was made, which list shall be made in book form and kept by said clerk as a part of his official records of his office. The list of lands so filed with the said clerk shall be in lieu of conveyances and shall vest title in said Treasurer for the use aforesaid to all the land embraced in

such list as a conveyance to said Treasurer would do."

Sec. 66 provides that the (list of) lands struck off to the State shall remain in the office of the clerk of the Circuit Court "for the purpose of redemption by the owners, etc., at any time within two years," and Sec. 70, that "after the time for redemption of any tract of land sold for taxes shall have expired, any person shall be entitled to receive from the clerk of the Circuit Court a conveyance of the title vested in the Treasurer of the State, for the uses aforesaid, upon the payment to said clerk of the whole amount of taxes for which the land was sold, and all costs, interest, and fifty cents for making the deed, for compensation for the clerk, which conveyance shall vest in him a good and indefeasible title."

Reverting now to Sec. 63, we think the legislative intent is manifest that the title of the State, or, rather, of the Treasurer of the State, to such lands as fall within its provision depends on two things to be done by the County Trustee, one of which is not more essential than the other:

First, he must make the sale as provided by the statute, striking off the land to the Treasurer of the State, and, second, he must make a certified list of these lands, specifying the days of the sale, the amount of the respective taxes

for which said sales were made and each item of costs thereof, and file this with the clerk of the Circuit Court. The sale, while absolutely necessary, is only a preliminary step. Of itself it works no transmutation of title. This and nothing more being done, it would hardly be insisted that the State had acquired anything more than an equity in the property. But this would leave untouched the title. To draw this out of the original owner and fix it in the Treasurer of the State, this certified list is required. And to a wise end is this essential. It stands in the place of and operates like a conveyance *inter partes*. It is made, because certified, an official record. It authenticates to the owner that his property has been sold and is subject to redemption, and is the muniment of title to the purchaser when the time of redemption has passed. This list, thus lodged in the office of the clerk, serves to some extent the same purpose as the books in the Register's office.

The legislative intent to make the list a prerequisite is made still further apparent by reference to Sec. 65 of the Act, which requires the Trustee to make out and file a list, similar in every respect to that referred to in Sec. 63, of the delinquent land he sells to individuals; but with respect to this it is provided that the failure to make return of this list, or the filing of a defective list, shall not affect the title.

No such provision is made with regard to the other list, and it is not a strained inference that in making this distinction between the two classes of cases the Legislature intended to emphasize the rule that the doctrine of *caveat emptor* applied in the one and did not in the other.

It has been seen by Sec. 70, after the time for redemption of any tract of land struck off to the Treasurer of the State has expired, any person making proper payments to the clerk is entitled to receive a conveyance of what? Of the title vested in the Treasurer. But there is no title vested in him, lacking the certified list; and the clerk can only convey where such title is vested. In the want of a proper vestiture, his conveyance is waste paper. It is no more, and affects no better result, than if made by any other unauthorized official. *Thatcher* v. *Powell,* 6 Wheaton, 118.

But it is said that Sec. 71, which provides such conveyance from the clerk "shall be an assurance of perfect title to the purchaser of said land, and no such conveyance shall be invalidated in any Court, except by proof that the land was not liable to sale for taxes or that the taxes for which the land was sold have been paid before said sale," is a legislative condonation of the failure of the County Trustee to file this certified list. In fact, the argument

is that it conclusively shuts the door of investigation in the face of the original owner, save in the two particulars mentioned.

This must be unsound. Certainly it could hardly be insisted that such a conveyance would work an estoppel so as to prevent the owner from showing that his land, though delinquent and embraced in a certified list as having been struck off to the Treasurer, was, in fact, never offered or sold by the County Trustee. No more could it be maintained that in a case where land was properly struck off to the State for delinquent taxes, which, subsequent to the sale, were paid by the owner, and yet by error of the Trustee was embraced in the certified list required of him by Sec. 63, and in ignorance of the fact of payment, at the expiration of two years was conveyed under the authority of Sec. 70, that such conveyance would close the mouth of the owner. Yet, if the contention of these tax purchasers is sound, the conveyances from the clerk would bar the owners from showing these facts.

No such force was given to such a deed. It was not the intention of the Legislature by Sec. 71 to make that Act an assurance of title which the officer in question was absolutely lacking in authority to perform. Behind it must be the power to execute before it can have the efficacy now claimed for it. It cannot be, either

on principle or authority, that the clerk's conveyance itself is the conclusive evidence of its own validity. *Marx* v. *Hawthorne*, 148 U. S., 172; Cooley on Tax., 521. If the necessary construction of this section was that, on the face of such an instrument, the owner was precluded from showing that the title of his property had never passed out of him, then we could be constrained to hold it violative of constitutional safeguards. But we are not forced to so construe it. It is left scope enough without embracing within it a conveyance which the clerk was without authority to make.

But it is said that the list filed by the Trustee was substantially correct, though not certified, and that the conveyances should be upheld upon the authority of *Brien* v. *O'Shaughnessy*, 3 Lea, 726. We find no analogy between the two cases. The statutes in question in that case and the present causes were radically different in form and effect.

It is further insisted that the failure of the Trustee to file a certified list ought to work no more injuriously against these tax title purchasers than a failure of the Sheriff to make a proper return does against execution purchasers. *Mitchell* v. *Lipe*, 8 Yer., 179. But in the one case the return is made absolutely essential to title, in the other it is nonessential.

The judgment of the Circuit Court in *State*

*of Tennessee for Use, etc.,* v. *Dugan* is affirmed, and the decrees of the Chancellor in the other cases overruling the demurrers to that part of the respective bills averring that the titles of the various tax purchasers are void because of the failure of the County Trustee to file a certified list of the lands struck off by him to the Treasurer of the State with the Circuit Court clerk are affirmed. No other ground of demurrer is passed on, but all other grounds are reserved.

The causes appealed from the Chancery Court of Shelby County are remanded for answer and further proceedings.