## THE NORMAN.[1]

### (*Circuit Court, E. D. Pennsylvania.* April 22, 1886.)

MARITIME LIEN—OWNER'S CONTRACT FOR SUPPLIES.

The steam-ship Norman, an American vessel, registered at New York, was chartered to A. & Co., of that city, who agreed to place her under foreign register, and to pay the expenses of victualing, manning, coaling, oiling, and running the ship, she to be at their sole use and disposal during the voyage. Possession of the ship was given to the charterers at New York, and there. on their order, the coal in question was furnished and delivered to the ship. The master and engineer had nothing to do with the purchase. *Held* that, conceding that the ship, by reason of her foreign register, was in a foreign port, as the liability sought to be imposed was not created by the act or engagement of the master in his character of master, there could be no lien; and that as the coal was furnished upon the order of A. & Co., who were residents of the place where the vessel was at the time, and owners *pro hac vice*, the presumption was that the coal was furnished upon the personal credit of the charterers, and not upon the credit of the vessel.

In Admiralty.

*Thomas J. Diehl* and *J. Warren Coulston*, for libelant.

*John W. Brock* and *Morton P. Henry*, for respondent.

McKENNAN, J. This is a libel *in rem*, brought to recover the price of 277 tons of coal amounting to $1,108, furnished by the libelant on board the steam-ship Norman, at the port of New York. The steam-ship Norman was an American built vessel, was registered at New York, and was owned by the Philadelphia & Boston Steam-ship Company. By a charter-party dated November 6, 1878, the agents of the owners chartered the vessel to Murray, Ferris & Co., of New York, for a voyage from New York to Nassau, and the south side of Cuba, and back. It was stipulated in said charter-party that the vessel should be placed "under foreign register;" that she should be "at the sole use and disposal" of the charterers during the voyage; and that they should pay the expenses of victualing, manning, coaling, oiling, and running the ship during the continuance of the charter. Possession of the vessel was duly delivered to the charterers at New York, and upon their order the coal in question was furnished and delivered to the vessel at the port of departure, and neither the master nor engineer had any connection with the purchase. Under the circumstances, has the libelant a lien upon the vessel for the price of the coal furnished?

Conceding that, by reason of her "foreign registry," the vessel is to be treated as in a foreign port, still the liability sought to be imposed upon her was not created by the engagement or act of any person authorized to bind her in this mode. This is essential to the efficacy of a maritime lien for supplies furnished. "It is only the contracts which the *master enters into in his character of master* that specifically

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.

bind the ship, or affect it in the way of lien or privilege." Conk. Adm. 73, 78, 80; *The St. Jago de Cuba,* 9 Wheat. 417.

But Murray, Ferris & Co. were residents of New York, at which port the vessel was lying when the coal was furnished, and they furnished it directly, without the intervention of the official representative of the vessel. They were owners *pro hac vice,* because they had possession of the vessel, and she was at their "sole disposal" until the end of the charter. These facts repel the implication that the coal was furnished upon the credit of the vessel, but warrant the inference that it was furnished upon the personal credit of the charterers and ostensible owners. At least they were sufficient to put the libelant upon inquiry as to the actual relations of Murray, Ferris & Co. to the vessel, and their obligations under the charter-party; and this must have resulted in the knowledge that the act of the charterers could not, under the circumstances, impose a lien upon the vessel. *Beinecke* v. *The Secret,* 3 Fed. Rep. 665; *Coal Co.* v. *The Secret,* Id. 665; S. C. 15 Fed. Rep. 480; and *Stephenson* v. *The Francis,* 21 Fed. Rep. 715.

The libel is dismissed, with costs.