ROYAL INS. CO. *v.* WIGHT et al.

(Circuit Court of Appeals, Third Circuit. April 25, 1893.)

INSURANCE—ACTION ON POLICY—AFFIDAVIT OF DEFENSE — NOTICE OF CANCELLATION.

In an action on a fire insurance policy an affidavit of defense setting up cancellation of the policy, and notice thereof to the representatives of the insured, was adjudged insufficient on the ground that notice of cancellation served on the brokers who procured the insurance was invalid. *Held* error, the policy having provided for notice of cancellation to the insured or his representatives, and the affidavit of defense having alleged the giving of notice to the brokers in question, and that they were the agents and representatives of the plaintiffs in all matters respecting the insurance. 53 Fed. Rep. 340, reversed. Grace v. Insurance Co., 3 Sup. Ct. Rep. 207, 109 U. S. 278, distinguished.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

At Law. Action by Charles Wight and George E. Lackey, doing business as Wight & Lackey, against the Royal Insurance Company, to recover on a policy of insurance. The affidavit of defense set up a cancellation of the policy, and notice thereof to the brokers who procured the policy as representatives of the insured. There was a judgment for plaintiffs, (53 Fed. Rep. 340,) and defendant brings error. Reversed.

Morton P. Henry, for plaintiff in error.

Wm. Wilkins Carr, for defendants in error.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

ACHESON, Circuit Judge. In making absolute the rule for judgment for want of a sufficient affidavit of defense, the court below acted upon the supposed binding authority of Grace v. Insurance Co., 109 U. S. 278, 3 Sup. Ct. Rep. 207. But there the question of agency arose upon these words of the contract:

"The insurance may also be terminated at any time, at the option of the company, on giving notice to that effect, and refunding a ratable proportion of the premium for the unexpired term of the policy. It is a part of this contract that any person other than the assured, who may have procured the insurance to be taken by the company, shall be deemed to be the agent of the assured named in this policy, and not of this company under any circumstances whatever, or in any transaction relating to this insurance."

The court held that this clause imported nothing more than that the person obtaining the insurance was to be deemed the agent of the insured in matters immediately connected with the procurement of the policy; that his employment was not thereby extended beyond the procurement of the insurance; and that his agency ceased upon the execution of the policy; and, therefore, that subsequent notice to him of the termination of the insurance by the company was not notice to the insured. But this decision by no means rules the case disclosed by the record now before us.

The policy here in suit provides that, when from any cause the company shall desire to terminate the insurance, "it shall be lawful

for the company or its agents so to do by notice to the insured or his representatives, and to require this policy to be given up for the purpose of being canceled, provided that in any such case the company shall refund to the insured a ratable proportion, for the unexpired time thereof, of the premium received for the insurance." Now the affidavit of defense, after setting forth the giving of notice by the defendant company of the termination of the insurance to Charles Tredick & Co., who, as the plaintiffs' brokers, had effected the insurance at Philadelphia, and the particulars of that notice, contains the following averment:

"That the insured plaintiffs did not reside in Philadelphia, and their residence was not made known to the defendant until after the fire, and that in this transaction Charles Tredick & Company were the agents and representatives of the plaintiffs in Philadelphia in all matters relating to this insurance."

There are other statements in the affidavit in respect to the agency of Charles Tredick & Co., which perhaps are open to the objection of being equivocal, or in the nature of legal conclusions; but the averment above quoted (which seems to have been overlooked by the court below) is an independent and positive affirmation of fact, and upon a rule for judgment was to be accepted as true. But if Charles Tredick & Co. were indeed the agents and representatives of the plaintiffs "in all matters relating to this insurance," then, by the very terms of the policy, notice to them of the termination of the insurance was as effectual as notice to the plaintiffs themselves.

The defendants in error, however, insist that the judgment may be sustained on the ground that the affidavit of defense was fatally defective, in that a tender back of a proportional part of the premium of insurance was not averred. But the court below distinctly declined to pass on the question whether an actual tender was necessary to a valid cancellation, and most certainly, in the face of the statements contained in the affidavit, the point could not properly be ruled against the defendant. In our opinion the rule for judgment for want of a sufficient affidavit of defense should have been discharged.

The judgment is reversed, and the record is remanded to the circuit court for further proceedings.