## THE NOW THEN.

### HERRESHOFF MANUF'G CO. v. THE NOW THEN.

(Circuit Court of Appeals, Third Circuit. April 25, 1893.)

1. REPAIRS TO VESSEL—LIEN—EVIDENCE.

If necessary repairs and materials be made and furnished to a vessel in a port other than her home port, the prima facie presumption is that they were made and furnished on the credit of the vessel, unless the work be done by order of the owner, in which case a lien by agreement of the parties must be shown. 50 Fed. Rep. 944, affirmed.

2. SAME—PERSONAL CREDIT OF OWNER.

Repairs to a yacht, amounting to $1,615.05, were furnished on the order and credit of the owner, who was reputed a rich man and solvent, by libelants, from whom the owner had purchased the yacht. Afterwards further repairs, amounting to $97.10, were furnished, and included in the same bill for the first repairs. *Held*, that in both instances libelants must be presumed to have relied upon the personal sufficiency of the owner for payment of their claims, and were not entitled to a lien on the vessel.

Appeal from the District Court of the United States for the District of Delaware.

In Admiralty. Libel by the Herreshoff Manufacturing Company against the steam yacht Now Then for repairs. The libel was dismissed below. 50 Fed. Rep. 944. Decree affirmed.

Henry W. Bates, (J. H. Hoffecker, Jr., of counsel,) for appellant.
Willard Saulsbury, Jr., for appellee.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

DALLAS, Circuit Judge. This is an appeal from a decree in admiralty dismissing a libel to enforce an asserted lien against the steam yacht Now Then. It was alleged in the libel that the libelants, "at the request of the master of the said vessel," and in a port as to which she was a foreign vessel, had repaired the yacht, and that there was due therefor $1,712.15, with interest. The demand comprised two separate subjects of charge, viz.: As of October 24, 1889, $1,615.05, for repair or renewal of the boiler, performed in or about the month of July, 1889; and as of April 11, 1891, $97.10, for certain other repairs or materials made or furnished at the last-mentioned date. The main question was and is whether the libelants had established a right to a lien upon the vessel. The court below, citing the case of The Lulu, 10 Wall. 197, held the general rule to be: "If necessary repairs and materials are made and furnished to a vessel in a port other than her home port, the prima facie presumption is that they were made and furnished on the credit of the vessel, unless the contrary appears from the evidence in the case;" but also referred to the qualification of this rule under The Mary Morgan, 28 Fed. Rep. 196, and The Francis, 21 Fed. Rep. 715, to the effect that, "when the work is done by order of the master, a lien is implied, but for work done by order of the owner no lien will exist unless proved by the agreement of the parties." The learned judge of the district court was of opinion that, in view of this qualification of the rule, a lien did not exist in this case, because the work was not done nor the materials supplied upon the order of the master, but by order of a representative, not of the vessel, but of the owner; and that, even under the rule as broadly stated, there would be no lien, because it appeared from the evidence that, in point of fact, the work was not done on the credit of the vessel. We have no hesitation in adopting the learned judge's opinion as to the law, nor in accepting his finding of fact with relation to the first item of the claim; but with respect to the items of April 11, 1889, we have had some doubt; and have reached the same conclu-

sion as to them, only after careful consideration of the peculiar facts of the case.

Mr. Addicks bought this yacht from these libelants. He personally paid for it, and gave it to his wife. As is stated in the opinion of the court below, "he was reputed to be a rich man, able to pay his debts, and there was no thought on the part of the libelants that they would require a lien on the vessel to secure payment for their work." The previous repairs had been made upon his credit, not upon that of the vessel; and the only inference which can fairly be drawn from the evidence is that the libelants relied solely upon him for payment of all their claims. They presented both of these charges, finally, in the same bill; and in no manner did they ever distinguish between them as to the credit given. It is scarcely conceivable that, being content with the personal sufficiency of Mr. Addicks for the larger amount, they intended to hold the vessel for the comparatively insignificant sum of $97.10; and therefore, although as to this item the materials were not supplied, as in the instance of the boiler repairs, upon the direct order of Mr. Addicks, we think the reasonable deduction from the proofs is that they also were furnished upon his credit. The decree is affirmed.