## THE GEORGE DUMOIS.

### GULF CITY COAL & WOOD CO. v. THE GEORGE DUMOIS.

(District Court, S. D. Alabama. January 26, 1895.)

MARITIME LIENS—SUPPLIES FURNISHED ON CHARTERER'S ORDER.
   Where coal is furnished, even in a foreign port, not being a port of distress, on the personal order of the president of a corporation known to be a charterer only, without any mention of the ship by either party, or any inquiry of or dealing with the master, the presumption is that credit was given to the charterer, and the ship is not bound.

This was a libel by the Gulf City Coal & Wood Company against the steamship George Dumois to recover the price of coal supplied to the ship.

L. H. Faith, for libelant.
G. L. Smith and H. T. Smith, for claimant.

TOULMIN, District Judge. I find the facts in this case to be that the coal was furnished to the ship in Mobile, Ala., on the personal

order of one Dick, the president of the Columbian International Colonization & Improvement Company of New Orleans, La., who were the charterers of the ship for the term of one year; that the ship was a foreign vessel; that libelant knew that the Columbian International Colonization & Improvement Company were the charterers; that the ship was not in a port of distress; that she was running in a regular line between the port of Mobile and foreign ports; that in the negotiation for the coal no reference was made to the vessel as a source of credit, and there was no inquiry made of or dealing with the master or any agent of the ship. I further find that the charterers had, by the terms of the charter party, agreed to pay for such supplies, but that the libelant had no actual knowledge of this provision of the charter party. In short, the Columbian International Colonization & Improvement Company were the known owners of the ship, and Charles I. Dick was the president and representative of the company. The coal was obtained on the personal order of Dick in a foreign port, where he was at the time of giving the order. The dealing, then, was presumptively on the said owner's personal credit only, and I am not satisfied from the circumstances of the transaction, as shown by the proof, that there was a common understanding or intention to bind the ship. On the contrary, I think that the circumstances indicated to the libelant that the purchase of the coal was on the charterer's credit only, and that in furnishing it without objection or any reference to the ship, or inquiry of the master, the libelant must be held to have trusted to the charterers only, and that the ship is not bound.

My opinion in this case is sustained by the following authorities: The Stroma, 41 Fed. 599; Id., 3 C. C. A. 530, 53 Fed. 281; Stephenson v. The Frances, 21 Fed. 715; Neill v. The Frances, Id., 921; Herreschoff Manuf'g Co. v. The Now Then, 50 Fed. 944; Id., 5 C. C. A. 206, 55 Fed. 523; The Kong Frode, 6 C. C. A. 313, 57 Fed. 224. The substance of these decisions is that, in dealing with a known charterer, even in a foreign port, for mere ordinary supplies, the dealings are prima facie upon his personal credit only, and no lien will be implied unless the libelant satisfies the court, from the negotiations or the circumstances, that there was a common understanding or intention to bind the ship.

The libel in this case must therefore be dismissed, and it is so ordered.