THE HAVANA.

(Circuit Court of Appeals, Third Circuit. February 6, 1899.)

No. 25, September Term, 1898.

MARITIME LIENS—REPAIRS IN FOREIGN PORT—PRESUMPTIONS.

When repairs are made on the order of a managing owner, whether or not in the home port, the presumption is against the existence of a maritime lien; and the mere fact that the repairer understands the contrary is insufficient to create a lien, unless the owner expressly or impliedly consents thereto.[1]

Appeal from the District Court of the United States for the Eastern District of Pennsylvania.

This is a libel in rem by William E. Woodall & Co. against the steamboat Havana and another, to recover a balance due for repairs. The libel was dismissed (87 Fed. 487), and libelants appeal. Affirmed.

John F. Lewis and Arthur D. Foster, for appellants.

Henry R. Edmunds, for appellee.

Before ACHESON and DALLAS, Circuit Judges, and KIRKPATRICK, District Judge.

---

[1] As to maritime liens for supplies or services, see note to The George Dumois, 15 C. C. A. 679.

DALLAS, Circuit Judge. By the libel in this case it was sought to enforce an asserted lien against the steamship Havana for a balance due for repairs which were ordered by her managing owner, and were made by the appellants, at Baltimore, which was not her home port. The court below dismissed the libel upon the ground that the facts did not sustain the claim of lien (87 Fed. 487), and we think it was right. "In the absence of an agreement, express or implied, for a lien, a contract for supplies [or for repairs] made directly with the owner in person is to be taken as made on his ordinary responsibility, without a view to the vessel as the fund from which compensation is to be derived." The Valencia, 165 U. S. 264–271, 17 Sup. Ct. 323. There certainly was not in the present case an express agreement for lien, and the record discloses nothing which would warrant the implication of such an agreement. Our own examination of the evidence satisfies us, as the learned judge found, that this work was, in point of fact, done, not on the credit of the vessel, but on that of the owner. Where repairs are ordered by an owner, even in a foreign port, a lien for their cost is not presumed to have been contemplated, and cannot be created by any act of the party doing the work, which he may claim to be indicative of a design on his part to look to the vessel for his compensation, unless it also appear that the other party had so understood that act, and had, at least impliedly, assented to its purpose. There is nothing to show such understanding or assent by the owner in this instance, and his testimony is, in effect, that he at no time supposed that the Havana would be subject to a lien. The St. Jago de Cuba, 9 Wheat. 409; The Grapeshot, 9 Wall. 136; The Mary Morgan, 28 Fed. 196; Thomas v. Osborn, 19 How. 22; The Norman, 28 Fed. 383; The Pirate, 32 Fed. 486; The Aeronaut, 36 Fed. 497; The Now Then, 5 C. C. A. 206, 55 Fed. 523. The decree is affirmed.