MORRIS et al. v. BARTLETT et al.

SAME v. WHITAKER et al.

(Circuit Court of Appeals, Third Circuit. April 24, 1901.)

Nos. 4, 5.

JUDGMENT—RES JUDICATA—ADMIRALTY SUITS IN REM AND IN PERSONAM.

A decree dismissing a libel in rem against a vessel to recover for repairs does not constitute an adjudication of the nonliability of the owners, who, under admiralty rule 12, could not be joined as defendants in such suit, and did not intervene therein, unless it clearly appears from the record that such issue was not only raised, but decided, since its determination was not necessarily involved. Where the opinion of the court shows that the decree was based on a finding that the contract was not made with the master as alleged, but with the owners, under circumstances which did not entitle libelants to a lien, an expression of opinion therein that libelants agreed to wait for payment from the earnings of the vessel, which was a question not material to the decision, does not render the decree conclusive upon that question when pleaded in bar of a subsequent suit against the owners, or offered in evidence as an estoppel.

Appeals from the District Court of the United States for the Eastern District of Pennsylvania.

For opinion below, see 99 Fed. 786.

· J. H. Brinton, for appellants.

Edward F. Pugh and Henry Flanders, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. The appellants were libelants in the court below in two suits in admiralty, each brought against owners of the schooner Jennie Middleton to recover for certain repairs to the schooner made by the libelants. Each suit was in personam. In one the service of process was in the nature of foreign attachment; in the other there was personal service of process upon the defendants. There was an appearance by the defendants in each suit, and plea and answer were filed in each case, setting up the same defenses. In each case the libelants gave evidence sufficient to establish their claim. The defendants, respectively, to sustain their plea, put in evidence a certified copy of the libel, amended libel, answer, opinion, and decree (dismissing the libel) in a previous suit in admiralty brought by Joseph I. Morris and others (the present appellants) against the schooner Jennie Middleton in the district court of the United States for the district of New Jersey. The defendants offered no other evidence, but rested their defense altogether upon the decree of the United States district court for the district of New Jersey dismissing the libel against the schooner as a bar to the libels against the owners of the schooner filed in the court below in the cases brought before us by these appeals. The court below sustained this defense, and dismissed the libels in personam on the ground that the subject-matter thereof was res adjudicata by virtue of the above-recited prior decree. We are now called on to determine whether or not this conclusion of the court was right. Now, the previous suit against the schooner Jennie Middleton in the district of New Jersey was strictly a proceeding in rem. The libel charged that the schooner belonged to and hailed from the port of Philadelphia, and was owned by residents of that city, and that, being in the port of Camden, N. J., in need of certain repairs to render her seaworthy, the libelants, at the request of her master, contracted to make said repairs, and did make them, and that the same were made "on the credit of the said schooner, as well as of the owners thereof"; and prayed that process of attachment might issue against the schooner, etc. The owners of the schooner were not joined as defendants in the libel, and, indeed, they could not have been so joined. Admiralty rule 12 provides:

"In all suits by material men for supplies, repairs or other necessaries, the libellant may proceed against the ship and freight in rem, or against the master or owner alone in personam."

This language as to procedure is in the alternative, and a suit by material men against the ship and owners jointly for repairs cannot be maintained. The Corsair, 145 U. S. 335, 12 Sup. Ct. 949, 36 L. Ed. 727. That decision of the supreme court is a distinct authority for the proposition that in no case within admiralty rule 12 can ship and owner be joined as defendants in the same libel, either originally or by amendment. Id., 145 U. S. 341, 12 Sup. Ct. 949, 36 L. Ed. 727.

The owners of the schooner Jennie Middleton did not intervene as parties defendant in the previous suit against the schooner. Whether or not, as claimants of the vessel, they gave the usual stipulation, does not certainly appear from those parts of the record exhibited to us. Probably they did, and we may so assume, but thereby they only became bound to abide by and pay the decree, should the libel against the vessel be sustained. From first to last that suit was wholly a proceeding in rem. The master of the schooner put in an answer, but evidently it was in behalf of the schooner—the res—itself, the defendant. Specifically answering the several articles of the libel, the answer denied that the repairs in question were made at the request of the master of the schooner, or under any contract with him. It denied that the repairs were made "on the credit of the schooner as well as on that of the owners," and it denied "that there is any admiralty or maritime lien upon the vessel upon which the libel can be founded or maintained." After thus responsively denying the fundamental allegations of the libel, the answer proceeded to state, in substance, that the repairs were made under an agreement between the libelants and Bartlett & Shepherd, of Philadelphia, managing owners of the schooner, and that by the terms of the agreement the libelants were to be paid out of the earnings of the vessel; that the vessel had not yet earned a sufficient sum to pay the claim of the libelants; and that, "even if the libelants have a lien on the vessel (which is denied), and even if their account is correct (which is not admitted), their libel is filed prematurely, and ought to be dismissed." The decree dismissing the libel against the schooner was in these words:

"This cause coming on to be heard upon the pleadings and proofs in the presence of Mr. Joseph H. Brinton, proctor of the libelants, and Messrs. Flanders & Pugh, proctors for the claimants, and the court having heard the argument of the respective proctors, and having duly considered the same, and being of the opinion that the libel should be dismissed, it is accordingly, on motion of Messrs. Flanders & Pugh, proctors of claimants, ordered, adjudged, and decreed that the libel herein be, and the same is hereby, in all things dismissed, with costs."

This decree, no doubt, conclusively established that the schooner Jennie Middleton was not bound for the debt for the repairs to the vessel. Did it determine any question touching the personal liability of the owners? The decisive issue in the former suit was, lien or no lien? The basis of the libel was the alleged lien, and only on the ground set forth in the libel could there have been a decree against the schooner. A decree must be secundum allegata as well as secundum probata. The Hoppet v. U. S., 7 Cranch, 389, 3 L. Ed. 380. When, therefore, it appeared that the repairs to the Jennie Middleton were not made at the request of the master or on the credit of the vessel, there was nothing else to do but to dismiss the libel, for no personal liability of the owners was enforceable in that proceeding. The General Smith, 4 Wheat. 438, 443, 4 L. Ed. 611. There Judge Story, speaking for the supreme court, after stating that, if the suit had been in personam, jurisdiction of the district court to grant relief could have been sustained, added:

"Where, however, the proceeding is in rem to enforce a specific lien, it is incumbent upon those who seek the aid of the court to establish the existence of such lien in the particular case."

The opinion in the suit in the district of New Jersey (The Jennie Middleton, 94 Fed. 683) shows that the conclusion of the court was that there was no lien against the vessel for the repairs, and therefore that the libel must be dismissed. Lack of lien, as we have seen, was fatal to the proceeding in rem, and imperatively called for a decree dismissing the libel. The opinion, we think, plainly indicates that the decree of dismissal proceeded altogether upon the ground of failure to establish the existence of a lien. The opinion concludes thus:

"In The Havana (D. C.) 87 Fed. 487, Judge Butler said that, 'where repairs are made in a foreign port on the order of owners, the presumption is against the existence of a maritime lien, and the burden is on the libelant to clearly show a contract.' In the case of The Havana, the home port of the vessel was Philadelphia. The repairs were made at Baltimore. The alleged lien was for a balance on repairs ordered by the managing owner. The repairs were charged to the vessel. In the absence of evidence tending to show express agreement for lien, the libel was dismissed. In the case under consideration the same state of facts exists. * * * In accordance with the principles laid down in The Havana (D. C.) 87 Fed. 487, affirmed in 92 Fed. 1007, 35 C. C. A. 148, and the other cases therein cited, the libel will be dismissed."

It is true, in the course of the opinion the district judge signified his belief that the libelants had agreed to wait for their pay until the schooner had earned the money. This view, however, did not go to the substantial merits of the controversy, but only to the question of when the libelants' right to sue accrued. Moreover, the rule as to the conclusiveness of a judgment or decree does not apply to points which come only collaterally under consideration, or are incidentally considered, or can only be argumentatively inferred from the decree. Hopkins v. Lee, 6 Wheat. 109, 5 L. Ed. 218. To give conclusive effect to a judgment or decree upon a question in another suit between the same parties, it must appear that the precise question was raised and determined in the former suit; and if, upon the face of the record, anything is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered in evidence. Russell v. Place, 94 U. S. 606, 608, 24 L. Ed. 214. In that case the rule as to the conclusiveness of a verdict and judgment was thus stated:

"To render the judgment conclusive, it must appear by the record of the prior suit that the particular matter sought to be concluded was necessarily tried or determined,—that is, that the verdict in the suit could not have been rendered without deciding that matter; or it must be shown by extrinsic evidence, consistent with the record, that the verdict and judgment necessarily involved the consideration and determination of the matter."

Guided by the above-cited decisions of the supreme court, we hold that the record of the prior suit here relied on as a defense does not show a decree operating in bar or as an estoppel. The prior suit was a proceeding in rem to enforce an alleged lien against the vessel; the latter suits were in personam to enforce the personal liability of the owners. The subject-matter of suit was not the same in the two

instances, nor was the purpose of suit the same. The failure to show a lien necessarily led to the decree dismissing the libel in rem without regard to any other question. And, finally, we are satisfied, upon an examination of the record, that the decree of dismissal of the prior libel was made on the sole ground that no lien against the vessel was shown. The decree in each of these cases is reversed, and the causes are remanded to the district court for further proceedings.