BETTS *against* STARR.

A former judgment of a court of competent jurisdiction, in which the *right* now in controversy was directly decided between the same parties, is admissible in evidence, and conclusive, although the *cause of action* in the former suit, and the *object* to be attained by it, were different.

Therefore, where the defendant in action of ejectment, brought by a mortgagee, to recover possession of the mortgaged premises, set up the defence of usury, under the general issue; and the plaintiff, to defeat that defence, offered in evidence the record of a former judgment, in a suit brought by him against the defendant, on the note for the mortgage debt, to which the defendant pleaded *non-assumpsit* with notice of usury; and on that issue, a verdict was given, and judgment rendered, for the plaintiff; it was held, that such record was admissible, and conclusive against the defence.

This was an action of ejectment, brought to recover possession of land, mortgaged, by the defendant, to the plaintiff, for the security of a certain promissory note specified in the condition of the mortgage deed.

The cause was tried, on the general issue, at *Fairfield, December* term, 1825, before *Bristol,* J.

After the plaintiff had read in evidence the mortgage deed, the execution and delivery of which were admitted, the defendant claimed, and offered evidence to prove, that the note mentioned in the condition, was usurious and void. The plaintiff objected to the admission of this evidence, on the ground, that the defendant was estopped to shew such alleged fact, by a former judgment between the same parties. From the record produced, it appeared, that the present plaintiff had brought a suit on the note against the present defendant, before the county court of *Fairfield* county; that the defendant appeared in that suit, pleaded the general issue of *non-assumpsit,* and gave notice, that under that issue, he should offer evidence to prove, that the note was given upon a usurious consideration, and was void; that this issue was tried by a jury, who returned a verdict against the defendant, and the county court thereupon rendered judgment for the plaintiff. It was admitted, by the parties, that the sole question tried by the jury in that cause, was the sole question made on this trial. The judge sustained the objection, and excluded the evidence so offered by the defendant. The jury thereupon returned a verdict for the plaintiff; and the defendant moved for a new trial.

*Sherwood* and *Bissell,* in support of the motion, contended, 1. That the judgment in the former suit could not be evidence

in this, as the cause and object of the action were different. *Swift's Evid.* 17. The former was an action on *contract ;* the breach was the non-payment of a debt. This is an action founded on a *tort.* The object of the former action, was the recovery of *money ;* of this, the possession of *land.*

2. That the verdict was not admissible, as it is not shewn *from the record,* that the same point was directly in issue between the parties in the former suit, and decided. *Church* v. *Leavenworth,* 4 *Day* 274. 277. *Sintzenick* v. *Lucas,* 1 *Esp. Rep.* 43. *Cowles* v. *Harts* & al. 3 *Conn. Rep.* 516. 522, 3. *Smith* v. *Sherwood,* 4 *Conn. Rep.* 276. 282, 3. *Ryer* v. *Atwater* & al. 4 *Day* 431. *Swift's Evid.* 18. *Peake's Evid.* 37. *Bull. N. P.* 234. 1 *Gilb. Evid.* 27. It does not appear from the record, that in the former suit the question of usury was decided. The issue was *non-assumpsit ;* and the notice only shews, that the defendant was at liberty to prove usury; but *non constat* that he gave any evidence of usury; or that the jury passed upon the question of usury.

3. That admitting the record to be evidence, it was no bar, as it was not pleaded by way of estoppel. *Church* v. *Leavenworth,* 4 *Day* 277. *Outram* v. *Morewood,* 3 *East* 364, 5, 6.

*Daggett* and *Sherman,* contra, insisted, That a judgment at law, or a decree in chancery, in which the same right has been settled between the parties, is conclusive ; and that, therefore, the judge, at the circuit, was correct in rejecting evidence to prove the note void, either for usury, or for any other cause ; judgment having been given thereon, and the *promise* established. *Hopkins* v. *Lee,* 6 *Wheat. Rep.* 109, *Phill. Evid.* 234. The record was offered to shew, that the defendant *did assume and promise ;* and this point it conclusively established. Whatever goes to the issue tried, has been decided. *Hitchin* v. *Campbell,* 2 *Bla. Rep.* 827. 831, 2.

Bristol, J. The note specified in the condition of the mortgage deed to the plaintiff, had been put in suit before the county court of *Fairfield* county. The present defendant appeared in that suit; pleaded the general issue of *non-assumpsit ;* and gave notice, that under that issue, he should offer evidence to prove, that the note was given upon a usurious consideration, and was void. This issue was tried by a jury, who returned a verdict against the defendant ; and the county court thereupon rendered judgment in favour of the plaintiff.

The debt not being satisfied, the mortgagee brings the present action to recover possession of the pledge; and the defendant again offers to shew, as he before attempted, that the note is usurious and void. The superior court decided, that the judgment of the county court to recover the debt, was conclusive in this action, so far as respected the debt; and the correctness of this decision is the question before us.

There is a great difference between the effect of *judgments* and *verdicts* in former suits. When a verdict is given in evidence merely, and is not, or cannot be pleaded, by way of estoppel, it is not clear, that it is *ever* conclusive: indeed, the better opinion seems to be, that it is merely *evidence* to be weighed by a jury, in connection with other evidence. Not so, with *judgments;* for in many cases *they* are conclusive, when given *in evidence.*

If, for instance, a plaintiff, deriving title to two pieces of land, by the same deed, should bring an action of ejectment against the grantor, for one peice of the land conveyed; and the defendant should plead *no wrong or disseisin ;* although the defendant might proceed on the ground that the deed was a forgery, and the jury should find for the plaintiff; here the verdict must, indeed, have proceeded on the ground that the deed was established ; but neither the verdict nor the judgment would be evidence in another suit brought for the other peice of land contained in the same deed. The *judgment* would not be evidence, because it only affirmed the title of the plaintiff to the land in litigation in the first suit. The *verdict* would not be evidence in the second action, because the validity of the deed was not in issue directly, and was only involved, by way of inference, in the result.

If, however, we suppose, that the issue in the first action was formed directly on the existence and validity of the deed, by which the plaintiff derived title to both pieces of land, and the jury should specially find the deed to be the act of the grantor; here the verdict would be evidence in the second action, though probably not conclusive.

In the action on the note, not only the jury found, that the defendant assumed and promised; but the judgment of the court was a *direct adjudication that the plaintiff should recover upon that note.* The making of the promise, and the validity of it, were not points drawn *incidentally* in question, nor to be inferred *argumentatively,* from the judgment; but the judg-

ment itself was for the plaintiff to recover the very money se-
cured by the mortgage deed.

Fairfield,
June,
1825.

Betts
v.
Starr.

With these preliminary remarks, I proceed to consider the
question, whether the judgment of the county court is conclu-
sive? Though verdicts must generally, if not always be special-
ly pleaded, when they are relied on as conclusive, yet a *judg-
ment* of court, when properly given in evidence, is as conclu-
sive as though specially pleaded.

It has been urged in the argument of this case, that the ob-
ject of the first suit, and of the present being different ; the for-
mer being brought to recover the *debt*, and the latter to recov-
er the *land mortgaged* ; that consequently, the judgment in the
first suit cannot be, either conclusive evidence, or indeed evi-
dence at all, in the present action, on the point decided in the
former suit.

For this position no authority was cited at the bar, except
Judge *Swift's* treatise on *Evidence (pa.* 17.) and this authority
does not support the position contended for. Where the cause
or object of two actions is different, though the matter or point
in dispute is the same in both, a prior judgment is no bar to a
subsequent action ; but the verdict *may* be matter of evidence
to prove such point in dispute. *This* is the doctrine laid down
by Judge *Swift ;* this has been already conceded in giving this
opinion ; and this in no way interferes with the ground of this
decision ; for although the object and purpose of two actions
being different, the judgment in one, cannot be used by way of
*bar* to the other, it does not follow, that in the second action,
either party can be permitted to contradict what was expressly
adjudicated in the first. In the case of *Hopkins* v. *Lee*, 6 *Wheat.
Rep.* 109. the facts were, that *Lee* sold *Hopkins* an estate, cal-
led " *Hill and Dale*," then under certain incumbrances, which
*Lee* agreed to remove ; and *Hopkins* was to pay therefor 18,000
dollars, partly in military lands, and partly in some other way,
as soon as the incumbrances were removed. *Hopkins* filed a
bill in chancery against *Lee*, stating that *Lee* had omitted to
pay the incumbrances, and that he, *Hopkins*, had been com-
pelled to pay them. Upon the hearing of this bill, the Court
found, that *Hopkins*, the petitioner, had satisfied the incumbran-
ces on the *Hill and Dale* estate, but with the funds of *Lee* ad-
vanced for that purpose ; and thereupon decreed, that the pe-
titioner, *Hopkins*, should pay *Lee* the overplus remaining in his
hands, after paying off the incumbrances. *Lee* then brought
an action of covenant against *Hopkins*, for not conveying the

military lands agreeable to covenant ; to which *Hopkins* pleaded, that *Lee* had never discharged the incumbrances on the estate of *Hill and Dale.*

No lawyer can suppose, that let the judgment or decree on the bill in chancery have been either way, it could have been pleaded in bar to the last action of covenant brought by *Lee* against *Hopkins.* The *object* of the bill in chancery was to get refunded, money, which the purchaser of an estate alleged, that he had been obliged to expend, to free that estate from incumbrances, which the seller was bound to remove. The object of the action at law, was to recover damages for not conveying the military lands, which were to be taken in part payment. Nothing could have been more distinct than the object of the two suits . they were not for the same matter, cause and thing : and let the issue of the bill in chancery have been as it might, the decree could not have been pleaded in bar of the action at law.

But *by way of evidence,* the decree in chancery was held conclusive, to prove, that *Lee* had discharged the incumbrances on the estate ; that being the matter directly adjudicated upon in the suit in chancery. 6 *Wheat. Rep.* 109. It is not sufficient, then, for the defendant to shew, that let the issue of the suit in the county court have been for the defendant, *that* judgment could not have been pleaded in bar to the present action ; for we have seen, that a judgment may not only be *evidence,* but *conclusive evidence,* and still be no bar to a second action.

Nothing can be more distinct than the object of an ejectment in *England,* and the action of trespass on the case for mesne profits ; yet the judgment in ejectment is conclusive against the defendant *upon the right of possession* at the time of the demise laid in the declaration ; (*Phill. Evid.* 224. *Aislin* v. *Parkin,* 2 *Burr.* 666. 668. and Lord *Mansfield,* in giving his opinion, says, that " the judgment in ejectment, like all others, concludes the parties, only as to the *subject matter* of it : Therefore, beyond the time laid in the demise, it proves nothing at all ; because, beyond that time, the plaintiff has alleged no title, nor could be put to prove any." So a record of conviction, on an indictment against a parish for not repairing a road, will be conclusive evidence, on a plea of *not guilty* to a second indictment, of *the liability* of that parish to repair. *Phill. Evid.* 224. *Rex.* v. *St. Pancras, Peake's Rep.* 219.

No writer has laid down the law on this subject with more latitude, or more justice, than Judge *Swift,* whose *dicta* have

been pressed to the support of a contrary doctrine. In his treatise of *Evidence* (*pa.* 10.) he says: " It is an established rule of law, that when a fact has once been directly *decided*, it shall not be again disputed between the same parties ; and therefore, *a judgment* of the same court, or one of concurrent jurisdiction, if directly upon the point, may be pleaded in bar, in cases where special pleading is required, and in other cases, given in evidence, on the general issue, as conclusive between the parties, upon the same matter coming directly or incidentally in question." *Peake* and *Phillips*, in their treatises on *Evidence*, lay down the rule substantially in the same language.

I know of no case, which comes more properly within the rule than the present. In every case of mortgage, the debt is the principal thing, and the land and the securities, are mere incidents to the debt. When the debt is extinguished, the land in equity belongs to the mortgagor. I see no use or propriety, in suffering the legality of this debt to be questioned, after being once directly decided, in every case where the creditor finds it necessary to resort to law to get possession of the collateral securities. The existence and legality of this debt have been once directly settled, by a court of competent jurisdiction; from whose decision the defendant might have appealed, if he had just cause of complaint. But having neglected to do this, the judgment of the county court is binding, and conclusive. *Marriott* v. *Hampton*, 7 *Term Rep.* 269. *Peake's Evid.* 34. 11 *State Trials*, 261.

I would, therefore, direct, that the rule to shew cause be discharged.

HOSMER, Ch. J. and PETERS, J. were of the same opinion; BRAINARD, J. being absent.

New trial not to be granted.