### VILES & ATKINS *v.* JOHN MOULTON.

*Ex parte* affidavits of witnesses are not admissible to prove the loss or contents of a written instrument declared upon.

*Quære,*—Whether a defendant, offering to prove a sufficient defence, can be estopped by producing a decree in chancery where facts are found inconsistent with the defence ; and, also,—

*Quære,*—Whether the finding of facts, either by a verdict or a decree in chancery, are any thing more than *prima facie* evidence of those facts.

ASSUMPSIT, on a promissory note. The declaration was in common form. Plea non assumpsit and issue to the country.

On the trial in the county court, the plaintiffs stated that the note declared upon had been lost since the commencement of the suit, and to prove this fact he introduced the following testimony.

The Hon. Jacob Collamer testified that he, as attorney for the plaintiffs, made the writ in this suit, and on that occasion had in his possession the note described in the declaration, and also another similar note, on which another writ was made between the same parties ; that after the suits were entered in court, a bill in chancery was filed by the defendant and Samuel Ford, the object of which was to obtain an injunction upon said suits at law ; that during the pendency of the suit in chancery, the witness was appointed a judge of the supreme court and thereupon notified Amplius Blake that he could no longer attend to the said suits, and, in November, 1833, at the request of Blake, he carried all the papers relating to said suits to Chelsea, to be delivered over to Denison Smith, then counsel for the plaintiffs, but since

deceased ; that the witness, said Smith and Blake met in the bank at Chelsea, where the witness delivered to said Smith and Blake all the papers in his possession relating to said suits, including said notes, as he believed, but had no distinct recollection of seeing the notes at the time, or at any other time after making the writs ; that the had examined his papers, both those at Woodstock and at Royalton, but could not find either of said notes ; but he had an indistinct impression that something was said at the bank about Smith's giving a receipt to Blake for the notes.

Erastus Hubbard testified that he had, at the request of Blake, examined the papers of Blake at the store where he had long done business, and kept his papers, but could not find the notes ; but he did not examine any papers in Blake's house, and did not know that he had any papers there.

Jacob Steele, cashier of the Bank of Chelsea, testified that he recollected the meeting of Blake, Smith and Collamer in the bank, as stated by Judge Collamer in his testimony, but had no recollection of seeing the notes at that, or any other time ; that he had recently, at Blake's request, examined the papers in the bank, but could not find the notes.

Lucius B. Peck testified that he was a partner with said Smith, when they were retained as attorneys for the plaintiffs in this suit ; that since the death of Smith, the witness had examined the papers of Smith & Peck, and his own papers, but could not find the lost notes, and that he had never seen them, to his recollection.

The plaintiffs also offered in evidence the affidavits of Alvan Carter and Jeremiah Ellis, taken *ex parte,* which tended to prove that the note in suit could not be found among the papers of the administrator of said Smith. The defendant objected to their admission, but the court overruled the objection and the affidavits were admitted.

The plaintiffs then offered to prove the contents of the note, to which the defendant objected on the ground that the evidence of its loss was insufficient. But the court overruled the objection, and the plaintiffs then proved the execution and contents of the note, and rested their case.

The defendant then introduced testimony tending to prove that he signed the note, (if he did sign it) as a co-surety with Joseph Edson and Asa Story, for William Ford ; that

said William, at the time of making the note, executed a mortgage to Edson and Story of property, worth twenty thousand dollars more than the amount of the liabilities assumed by them for said William, to indemnify them against said liabilities ; that said William afterwards mortgaged the same property to said Blake to secure the sum of $9,500, which the latter had advanced to said William ; that said William, after paying a part of the debt for which Story, Edson, and the defendant were liable to the plaintiffs, died insolvent ; that after the death of the said William, the said Blake purchased in the equity of redemption of said mortgaged premises and paid the notes due to the plaintiffs, in full.

To the admission of this evidence the plaintiffs objected, on the ground that all the facts so offered to be proved by the defendant, had been adjudicated and decided against the defendant in this suit, in a suit in chancery, in which the defendant and Samuel Ford were orators, and the plaintiffs in this suit, and said Blake, Asa Story and the administrator of Edson were defendants, and offered a decree of the court of chancery in proof of such adjudication.    Whereupon the county court excluded the evidence offered by the defendant.

The jury returned a verdict for the plaintiffs, and to the several decisions of the county court against the defendant, above stated, the defendant excepted.

*W. Nutting* and *W. Hebard*, for defendant.

I. The affidavits of Carter and Ellis should not have been admitted, because *affidavits* are not recognized as evidence in judicial proceedings, either by common law, or statute.

II. The evidence of the loss of the note was insufficient. It should negative all presumption that the note is still outstanding, and that the defendant may be compelled to pay it.    2 Stark. Ev. 226.

The evidence in this case did *not* negative a very strong presumption that plaintiffs, or Blake, or their assignees, have the note still in possession, and have had it since November, 1833.

III. The defendant's evidence should have been admitted, notwithstanding the decision in the chancery suit.

This court have twice so decided, first in March, 1838, and again in July, 1839.

*W. Upham* and *L. B. Peck*, for plaintiffs.

1. The parol evidence offered in the court below, to show the loss of the note declared upon, since the commencement of the suit, was properly admitted, and sufficient to show the loss. *Brown et al.* v. *Messiter*, 3 Maule & S. 281. *Chamberlin* v. *Gorham*, 20 Johns. R. 144. *Kensington* v. *English*, 8 East, 273. *Jones* v. *Fales*, 5 Mass. R. 101. *Jackson* v. *Frier*, 16 Johns. 193. Peake's Ev. 40, 98, 154, n. Phil. Ev. 356, n. b. 1 Swift's Dig. 758, 759. *Page* v. *Page*, 15 Pick. 368, 373, 374. 10 Johns. 104. 11 Vt.R. 470. But if it was, in the opinion of this court, insufficient to show the loss of the note, it is not a ground of error. *Ad'r of Janes* v. *Martin & Marcy*, 7 Vt. R. 92. 4 Cranch, 237. 5 Id. 11. 6 Id. 206. 2 Day's R. 364.

The declaration contains no count upon a lost note, and the reason is apparent; the note was in the hands of Judge Collamer when he drew the writ, and has since been lost; but, were the fact otherwise, no such count was necessary; it is only necessary where the law requires profert to be made of the instrument declared upon.

2. The evidence offered by the defendant in the court below, was properly excluded : 1st. Because it constituted no legal defence to the action ; and 2d. Because the same matter had been set up in a bill in chancery, by the defendant, praying for an injunction against the further prosecution of this suit, and adjudicated against him at the March term of this court in 1837.

3. The evidence offered constituted no legal defence to the action. The principle that payment, by one of two joint debtors, discharges both, is undoubtedly correct, but it has no application to this case. Blake was not a joint debtor with the defendant on the note in suit, and for that reason his payment of it to the plaintiffs cannot be treated as a payment by the defendant. The case does not come within the rule laid down in the cases in 9 Mass. R. 138 ; 17 Mass. 153 ; 5 Pick. 1 ; 7 Greenlf. 36, in relation to the effect of payments made by one of two joint debtors.

Blake paid the note without any request from the defend-

ant, and for the sole purpose of protecting his own interest. The defendant has paid nothing upon it, and upon no principle can he avail himself of Blake's payment as a defence to this suit. *Norton* v. *Soule*, 2 Greenlf. 341. *Allen* v. *Hollister*, 9 Mass. R. 133. *Silver L. Bank* v. *Nash*, 4 Johns. Ch. R. 370.

4. The adjudication in chancery of the same matter, offered in defence of this action, is conclusive upon the defendant, and he cannot set it up as a defence here. *Hopkins* v. *Lee*, 6 Wheat. 109. 3 East, 15. *Gelston et al.* v. *Hoyt*, 3 Wheat. 246. ——— v. *Goodwin*, 13 Maine, 14. *Harvey* v. *Richards*, 2 Gallis. 216. *Hughes* v. *Blake*, 1 Mason, 515. *Jackson* v. *Hoffman*, 9 Cowen, 271. *Etheridge* v. *Osborne*, 12 Wend. 399. *Wright* v. *Butler*, 6 Wend. 284. *Gardner* v. *Buckbee*, 3 Cowen, 120. *Wood* v. *Jackson*, 8 Wend. 9. *Bradshaw* v. *Heath*, 13 Wend. 419. *Adams* v. *Barnes*, 17 Mass. R. 365. *Betts* v. *Starr*, 5 Conn. R. 550. *Denison* v. *Hyde*, 6 Conn. R. 508. *Hoyt* v. *Gelston et al.*, 13 Johns. 141. *Burt* v. *Sternburgh*, 4 Cow. 559. 1 Stark. Ev. 191 to 205. *Crandall* v. *Gallup*, 12 Conn. 365, 373. 3 East, 355. 20 Pick. 28, 37. 2 Wils. 827.

It is not essential that either of the parties or the form of action should be precisely the same. If they are substantially the same, the adjudication will be conclusive upon the parties. 1 Stark. Ev. 194. Bull N. P. 245. Swift's Ev. 10 to 13. *Case* v. *Reeve*, 14 Johns. 82. *Whately* v. *Menheim et al.*, 2 Esp. Cas. 608. *Thatcher* v. *Young et al.*, 3 Greenlf. 67.

Again, when the party who relies upon an estoppel, has had no opportunity to plead it, he may show it in evidence, and it will have the same effect as if pleaded. *Howard* v. *Mitchell*, 14 Mass. R. 241, 243. *Shelton* v. *Alcox*, 11 Conn. R. 240, 250. *Adams* v. *Barnes*, 17 Mass. 365, 366.

5. The decree in chancery shows an adjudication of the same matter offered in defence of the action.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—Two questions are presented for the consideration of the court in this case. The first, only, is decided. The court are not unanimous as to the second.

question, and when the court is holden by three judges only, all must concur in the decision.

The first question is, whether the court below was correct in admitting secondary evidence of the contents of the note declared on, from the evidence before them of the loss of the original. It is evidently a question of considerable importance to determine in what cases, on the trial of causes where a written instrument is declared on, the production of the instrument may be dispensed with, and evidence given of its contents. Such instruments frequently afford evidence of importance to the defendant, and it may be for the interest of the plaintiff to suppress them, as when there are indorsements or alterations or erasures made, and, as to negotiable promissory notes, such ample proof should be given of their loss, that no danger might be apprehended of their being put in circulation, to the injury of the makers. It is a question addressed to the court, whether sufficient evidence of the loss is produced to warrant the introduction of secondary evidence, and hence it has been urged in this case that the decision of the county court, on this question, is not to be reviewed here. For the reasons already suggested, it is highly desirable that this court should be authorized to review the decision of the county court on this point. It is true the decision of the county court, upon a mere question of fact, cannot be re-examined here, and although they may find a fact upon evidence which to us is unsatisfactory, yet, it is no ground for reversing their decision. But if the county court are not justified in drawing a conclusion without evidence of further facts, or if they form their decision upon improper testimony, it will be erroneous. Thus, in the case before us, if no evidence was directly given as to the loss, but it was as likely that the note might be in either of the places named, a search in all of them would be necessary, before the court would be authorized to find the fact of the loss, and let the party into secondary evidence. This was decided when this case was before us in 1839, 11th Vt. R. 470. It became necessary in the case, for the party, in order to be let in to introduce secondary evidence, to prove that an examination had been made of the papers which belonged to Denison Smith, as it was highly probable the note would be found there. To prove this, the plaintiffs offered

ORANGE,
March,
1841.

Viles & Atkins
v.
Moulton.

the *ex parte* affidavits of Alvan Carter and Jeremiah Ellis, which were objected to, and admitted by the court. We are all of opinion that this evidence was improperly admitted. *Ex parte* affidavits, where there is no opportunity to cross-examine the persons making them, are neither legal nor competent testimony to prove any fact in issue on a trial before a court or jury. No case has been found to warrant their admission, nor has any practice prevailed which would authorize it. The case from Massachusetts was the affidavits of the parties, and no decision in this state has yet established that the affidavits of the party are competent to prove either the loss or contents of a written instrument. It would undoubtedly be a salutary rule, after sufficient proof by other testimony is in, to warrant the introduction of the secondary evidence, to require the party, also, to make an affidavit, to repel all presumption of his having destroyed or suppressed it purposely. We are not prepared to say that the affidavit of the party is admissible for any other purpose, but are prepared to say that *ex parte* affidavits from others are inadmissible. The consequence is, the judgment must be reversed.

On the other point, the court are not agreed. The evidence offered on the part of the defendant constituted a sufficient defence to this action, if he was at liberty to introduce it. This has been twice decided in this case. A majority of us are of opinion that, giving to the decree in chancery the conclusive effect claimed for it, the plaintiffs could not prevent the defendant from proving their defence, by the introduction of the decree, out of time. That the defendant was entitled to prove his defence, and if the plaintiffs could cut it down or destroy it by the introduction of the decree, he could only do it after the defendant had made out his defence. If the decree had been already in evidence, it might be competent for a party to object to any evidence to controvert it, as was the case of *Morris* v. *Rosser*, 3 East, 15. In this case, a majority of us are of opinion that the evidence should have gone to the jury, under proper instructions from the court.

Neither are we prepared to say that the effect of the decree in chancery is as conclusive as it is claimed to be, or whether the facts found by the court, as stated in the decree,

are any thing more than *prima facie* evidence of the same facts in this suit. In the case of *Betts* v. *Starr*, 5 Conn. 550, the learned judge seemed to consider that, although a judgment was conclusive, a verdict was never more than evidence of the facts found. In the case of *Hopkins* v. *Lee*, 6 Wheaton, 409, the judge considers that the facts found by a master, in a suit in chancery, are to have the same effect as a verdict in a suit at law, and it was only decided that the decree was *prima facie* evidence. I am willing to consider this decree as *prima facie* evidence of the facts found; but whether it is to have any further effect, is left for future adjudication.

Judgment reversed.

COLLAMER, J., having been of counsel for the plaintiffs, did not sit on the trial of this case.