Bradbury, J.
In the year 1887 the plaintiff in error, Peter Hixson, brought an action against the defendant in error, William Ogg, upon a promissory note. Ogg set up, as one defense, a payment of $255, which was denied by Hixson. A jury was *364 waived, and the cause tried to the court, which found against the alleged payment. Ogg made a motion for a new trial, one ground of which was newly discovered evidence. On the hearing of the motion for a new trial Ogg produced and offered in evidence a paper writing’purporting to be a receipt signed by Hixson for the $255 which Ogg claimed to have paid. The motion was overruled, and a judgment which remains in force rendered on the finding of the court.
Hixson contended that this receipt had been forged, and afterwards caused Ogg to be indicted for forging’ and uttering the same. Upon the trial of this indictment Ogg was acquitted; he thereupon brought an action against Hixson for malicious prosecution. When this latter action came on to be tried Hixson contended that the finding of the court, made in the former action (on the note), that the $255 had not been paid, was conclusive, while Ogg contended that he could relitigate that question in the new action. Upon this question, at the request of Hixson’s counsel, the court charged the jury as follows:
“Whether or not the money (that is the $255), was or was not paid as claimed by the plaintiff, to the defendant, if it was submitted to the court in the case of the defendant against the plaintiff in the former suit between them, it is a matter adjudicated in that case, and it is settled by the adjudication made in that case; which adjudication is that the said sum of money was not paid. ’ ’
The plaintiff, Ogg, excepted to the instructions thus given, and requested the court to give to the jury the following special instructions:
‘ ‘ Second. But that judgment is not a bar to this action, and the question of the payment of said *365 money .can be retried here for the purpose of this action. ”
The court declined to give this proposition to the jury, to which refusal Ogg excepted. The verdict and judgment were in Hixson’s favor. The cause was taken to the circuit court, and the judgment of the court of common pleas was there reversed upon the sole ground that the court of common pleas erred in refusing to instruct the jury, as requested by Ogg, as follows: ‘‘But that judgment is not a bar to this action, and the question of the payment of said money can be retried here for the purposes of this action.” The cause was then brought to this court by Hixson, to reverse this holding of the circuit court.
The instructions that the court of common pleas refused to give to the jury and for which refusal the circuit court reversed the judgment, contains two propositions: 1st, That the judgment in the former action (upon the note) was not a bar to the second action (for malicious prosecution). 2nd, That the question of the repayment of the money ($255) could be retried for the purposes of the second action.
The first proposition was sound, and if it had stood alone should have been given to the jury; because the subject matter of the two actions was different, and their respective natures such that the decision of one could not determine the other.
This proposition, however, as we have seen, was embodied in a single request, with another proposition, and the whole asked to be given in charge to the jury. If this other proposition was unsound, a refusal to comply with the request was not error. Where a sound arid pertinent legal proposition and an unsound one are united in a *366 single request, the court is not bound to separate them and give to the jury the sound proposition, but may decline to give it in the form presented. ‘ Inglebright v. Hammond, 19 Ohio, 337; French v. Millard, 2 Ohio St., 45; Walker v. Devlin, 2 Ohio St., 593.
This brings us to the consideration of the second proposition. Whether the question of the payment of the $255 could he retried in the second action.
In the action brought by Hixson on the promissory note, Ogg had plead the payment of this sum as a defense pro tanto. Hixson, by his reply, joined issue on this plea. Upon the trial of the action this issue was found in favor of Hixson, and a judgment entered on the finding, which finding and judgment remain in full force. The general rule, established by the uniform current of authority, is that an issue once tried, decided, and carried into judgment works an estoppel, and cannot be relitigated by the same parties in a subsequent action, though the subject of the two actions are different. _Perkins v. Walker, 19 Vermont, 145; Betts v. Starr, 5 Conn., 550. In the latter case Bristol, J. laid down the rule as follows : “Where the cause or object of two actions is different, though the matter or point in dispute is the same in both, a prior judgment is no bar' to a subsequent action; but the verdict may be matter of evidence to prove such point in dispute. * * * for although the object and purpose of two actions being different, the judgment in one, cannot be used by way of bar to the other, it does not follow, that in the second action, either party can be permitted to contradict what was expressly adjudicated in the first.” Ib 553. “A decision upon any material point is conclusive, thoug-h the subject matter of the two suits *367 is different ” Freeman on Judgments, vol.l, section 253. “A judgment is conclusive, not only as to the subject-matter in suit, but as to all other suits which, though concerning other subject matters involve the same questions of controversy.” Ib.
In Bigelow on Estoppel, 99, the rule is announced in the following language: “A matter of fact * * * once adjudicated by a court of competent jurisdiction, concurrent or exclusive, however erroneous the adjudication, may be relied upon as an estoppel in any subsequent collateral suit in the same or any other court * * * and this, too, whether the su bsequent suit is upon the same or a different cause of action. ’ ’
The authorities on the question are numerous but it is not necessary to refer to them specifically. The rule has been adopted, in this state, and applied with as much firmness as in the courts of any of the states of the American union. The first clause of the syllabus in Covington and Cincinnati Bridge Co. v. Sargent, 27 Ohio St., 233, reads : “In a judicial proceeding in a court of record, where a party is called upon to make good his cause of action or establish his defense, he must do so by all the proper means within his control, and if he fails in that respect, purposely or negligently, he will not afterward be permitted to deny the correctness of the determination, nor to relitigate the same matter between the same parties.”
In Cromwell v. County of Sac., 94 U. S., 351. The difference between the effect of ,a judgment as a bar to a second action on the same demand, and its effect as an estoppel between the same parties upon a different cause of action, is clearly stated in the first clause of the syllabus: “In the former *368 ease, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. ” .
Nor is it material in this respect that one of the actions may be ex contractu, while the other sounds in tort. In the nature of things, if the facts upon which different causes of action rest, have no connection with each other, a fact established in the action first tried, cannot affect the subsequent action; for the obvious reason that such fact would be immaterial in respect to the latter action; but where certain facts are common and material to both actions, the subject matter of the two actions are connected to that extent, whether both be ex contractu, both ex deUcto, or 'one founded on contract and the other in tort. And if, in such case, the common and material fact has been judicially ascertained in the action first tried, it should be regarded as established in respect of the other action, so long as the judgment remains in force.
Upon the question respecting the payment of the $255, the parties had had their day in court; the matter had been solemnly adjudicated, and public policy requires that the question between them should be forever foreclosed. This finding may have been the chief inducement that moved Hixson to institute the prosecution which was the foundation of the second action. The nonpayment of the money named in the receipt had been judicially declared in an action directly involving the question. Hixson would be likely to rely with eon *369 fidence upon the truth of a fact thus ascertained. True, it is conceivable that Hixson knew that the money had been paid and that the finding of the court to the contrary.was false, and yet, wantonly availed himself of the adjudication to annoy his antagonist. If such was the case, the estoppel produced a result to be regretted. Doubtless cases occasionally occur where the estoppel works a hardship. It must always do that where it in fact prevents the assertion of a just demand or denies the interposition of a meritorious defense; but these results rarely occur, and where they do occur, they can usually be traced to the negligence of the party estopped. The possibility of an occasional advantage unfairly secured by one of the parties to an action by reason of the rule, is indeed a slight evil when compared with the mischief which would result from its abrogation. The rule is founded upon that principle of public policy which requires that litigation shall not be interminable, and demands that when a party has had a fair trial before a tribunal established for that purpose, and has exhausted the remedies provided by law to obtain a new trial, he shall be held to abide the judgment of the court.
Judgment of the circuit court reversed, and that of the common pleas affirmed.