## LIABILITY OF LANDLORD FOR MONEY LOST AT GAMING.

[Circuit Court of Hancock County.]

BELLE B. TROUT v. WILLIAM MARVIN.*

Decided, December Term, 1902.

*Gaming—And Liability of the Landlord for Money Lost—Reversal of Judgment Against Him as Winner—Not Res Judicata as to Lien on the Property for the Winnings—Judgment Against the Winners Conclusive as to What—As to What Not Conclusive—Reputation of the Premises—Statute of Limitations—Judgment as Evidence in Subsequent Suit.*

1. The test as to whether causes of action should be consolidated may be made at any time in any court where the causes are pending and a motion for consolidation is made.
2. Whether a consolidation should be granted will depend upon the issues as they appear at the time the motion is made, and the further question whether prejudice will arise from the fact that any evidence will be made competent as a defense by the consolidation, which would be incompetent on the trial of the cases or either of them separately.
3. The fact that in a former suit the question was tried whether the landlord was the winner of the money lost at gaming, did not necessarily involve the question whether the gaming was carried on in his property and with his knowledge, and therefore does not act as a bar under the rule (10 O. S., 45) that the particular controversy sought to be precluded was necessarily tried and determined.
4. In an independent action brought against a landlord to charge his property with the lien of a judgment against his lessees for money lost in gaming carried on in property belonging to him, the

---

* Affirmed by the Supreme Court, without report, March 15, 1904.

statute of limitations does not begin to run until the rendition of
the judgment against the lessees.

5. Under the issues joined in such a case the plaintiff must prove the
rendition of the judgment, and that the premises were leased by the
defendant to the parties against whom the judgment was rendered
for the purpose of gambling or gaming, or with his knowledge
they were so used, and that the money sought to be recovered
was lost in said premises; and the burden of proof as to all these
facts is on the plaintiff.

6. Knowledge on the part of the defendant landlord that the premises
were used for the purposes of gaming may be proved by evidence
that the fact of their being so used was a matter generally known
and talked about and of common reputation in the community
where he resided.

VOORHEES, J.; DOUGLASS, J., and DONAHUE, J., concur.

Heard on appeal.

These cases are submitted together:

First.    On motion of defendant to consolidate the two cases,
to-wit, cause No. 965 with cause No. 966 in this court, under
Section 5120, Revised Statutes of Ohio.

Second.    On the merits presented in the pleadings and evi-
dence.

Considering the questions in this order, case No. 965 was com-
menced in the common pleas court of this county, being case
No. 11,689, on March 7, 1896; case No. 966 was commenced in
said court March 9, 1897, being case No. 12,311.

The petitions are substantially alike, excepting as to the time
and the amounts of the respective judgments set forth therein.
The time of the recovery of the judgment in case No. 965 covered
a period of time from March 20, 1893, to March 19, 1894, and
is a judgment in favor of the plaintiff herein, and against James
Clifford and Jacob Gossman for $3,473 damages, and $143.97
costs of suit.    The judgment declared on in case No. 966 was
recovered in case No. 12,311, in said court, against the same
defendants, and covered a period of time from March 19, 1894,
to June 19, 1894, and was rendered at the September Term,
1896, of said court, and for the sum of $1,300 damages, and
$11.23 costs of suit.

There are other material allegations common to both petitions,
which may be summarized as follows: That the defendant, Wil-

liam Marvin, was, at the time the actions were commenced, and still is, the owner of the real estate described in the petitions; that during all the period of time from March 20, 1893, to March 19, 1894, as well as from March 19, 1894, to June 19, 1894, said Clifford and Jacob Gossman occupied certain rooms in said premises of said William Marvin; and during all of said times they were engaged in carrying on the business of gaming and gambling for money, in violation of law; that during all of said periods of time the defendant knowingly permitted said rooms and premises to be so occupied and used by said Clifford and Gossman for such gaming purposes.

That said original actions, to-wit, causes No. 11,689 and 12,311, were brought by said plaintiff, pursuant to Section 4273, Revised Statutes, against Clifford, Gossman and said William Marvin, for money staked and bet by one Frank H. Trout, husband of plaintiff, with said parties named, in certain gaming transactions; that such proceedings were duly and legally had in said actions, that the said judgments, hereinbefore mentioned, were rendered in favor of plaintiff and against said Clifford and Gossman, and which judgments are still in full force against said Clifford and Gossman, unreversed, and no part of either of said judgments has ever been paid.

That said games on which said moneys were staked, bet and lost, and for which said judments were recovered, were played within the period of time hereinbefore mentioned, at and in the rooms and building of defendant, he knowingly permitting the same to be occupied and used by said Clifford and Gossman for such gaming purposes.

The prayer of plaintiff's petition is for a decree declaring said judgments a lien on said premises, and for an order for the sale thereof to satisfy said judgments, interest and costs.

The defendant filed an answer in each case, setting up two defenses in the first case, and three in the second. In the first defense in each case he admits his ownership of the premises described in the petitions; that the same were occupied by Clifford and Gossman during the period stated in the petition; that plaintiff recovered judgments against Clifford and Gossman at the times and for the amounts stated in the petition. All other

and further allegations of the petition are denied, and he specially denies that he knowingly permitted said rooms and property to be used by said Clifford and Gossman for gambling purposes, and if said premises were so occupied and used by them, he had no knowledge thereof, and in no manner consented thereto.

As a second defense in case No. 966, the judgment in cause No. 11,689 is plead as a bar to said action, or cause of action, set forth in case No. 966, wherein this plaintiff was plaintiff, and this defendant and others were defendants, being the same cause of action mentioned in the petition in case No. 11,689, wherein (in said cause number 11,689) the plaintiff undertook to recover from this defendant, William Marvin, the same sum of money which she seeks to recover in said action No. 966; that the plaintiff failed in said action to recover against this defendant for the reason she neglected or intentionally omitted in her petition in said action to allege against this defendant any facts showing his liability under the provisions of the statute; so that said action No. 11,689 is a bar to the maintenance of this action, to-wit, said action No. 966.

As further defense to the petition, and by way of amendment to the original answer, and as a second defense to the first suit, and as a third defense to the second, the defendant avers that plaintiff's causes of action were barred by the statute of limitations at the time she commenced her actions herein.

By reply plaintiff puts in issue the matters set forth in the second and third defenses of the answers.

Upon the issues thus joined the causes were tried in the common pleas court of this, Hancock county, March 14, 1902, resulting in a decree and judgment in favor of the plaintiff in each case; from which judgments and decrees appeals were taken to this court, and the causes have been submitted to this court:

First.   On a motion to consolidate said actions, namely, cause No. 965 with cause No. 966, under Section 5120, Revised Statutes.

This section provides that:

"When two or more actions are pending in the same court, the defendant may, on motion, and notice to the adverse party, require him to show cause why the same shall not be consoli-

dated; and if it appear that, at the time the motion is made, the actions could have been joined, and if the court, or a judge thereof, find that they ought to be joined, the several actions shall be consolidated."

It is important to know at what time the actions should or could be joined. Does it refer to the time the actions are commenced, or to the time the motion for consolidation is made? In the case at bar the motion was made after the causes came into this court and were pending herein on appeal.

From the language of the statute (Section 5120) it would seem the question as to consolidation of these cases is to be tested by the status of the causes in this court. "If it appear that, at the time the motion is made, the actions could have been joined, * * * the several actions shall be consolidated." We assume for the present that the test is to be made from the status of the cases in the circuit court, and not where the actions were originally brought in the common pleas.

The object of consolidation is to save costs, and prevent multiplicity of suits; it is regarded always with favor, and never denied, when it is clear the parties are the same, and the causes of action are identical.

Whether the causes of action are identical or not must be confounded with the object of the suits. The object or the relief sought in these suits is the same, namely, to subject the same real estate of defendant to sale to satisfy different judgments against the same parties but rendered at different times.

The causes of action in the two suits are clearly not identical as to the time of their accruing. When case No. 965 was commenced the judgment in cause No. 966 had not yet been recovered, and could not have been joined with the cause of action, to-wit, the judgment set forth in cause No. 965.

It is very clear, therefore, if the right to consolidate is fixed and to be determined at the time the first action was commenced, these actions could not have been consolidated, as the cause in No. 966 had not accrued at the time the first action was brought. Hence the two actions, or causes of action, could not have been joined when the first suit was commenced. This perhaps will furnish a sufficient reason why the tests of consolidation

are to be made, not when the suits are commenced, but at any time thereafter, in any court, where the causes are pending for trial, and a motion is made for their consolidation.

We are inclined to this view, namely, that the right to consolidate actions is to be determined by the court in which they are pending according to the issues as they appear at the time the motion is filed. Keeping in view the purpose of Section 5120, Revised Statutes, is the saving of costs to the party, it would follow that if any evidence were made competent as a defense by the consolidation, which would be incompetent on the trial of the cases, or either of them separately, the consolidation in such case might be prejudicial. To illustrate, in cause No. 965 there is no plea in bar to the plaintiff's right of action, by reason of the alleged former adjudication against her, in favor of the defendant, while in case No. 966 such a defense is plead. In the last case, No. 966, the record in case No. 11,689 would be competent evidence for the defendant, but not so in case No. 965, as no defense of a former adjudication has been plead.

Without pursuing the discussion further, we are of opinion that the motion to consolidate should be and is overruled.

Second. We will consider the cases together, not as identical or consolidated, but for convenience, as the main questions in each, both as to law and fact, are substantially the same.

The first question to which attention will be directed is the plea in bar set up in case No. 966, of the alleged former adjudication in cause No. 11,689, wherein it is averred that the plaintiff's cause of action, in case No. 966, was decided against her, and in favor of the defendant, William Marvin. A like defense is not plead in cause No. 965.

To determine the merits of this defense, it will be necessary to look into the pleadings in case No. 11,689, in the common pleas.

The object of the suit, case No. 11,689, was to hold the defendants, Clifford, Gossman and William Marvin, liable as winners of money lost at gaming under Section 4270, Revised Statutes. It is alleged that Marvin was the owner of the property where the gaming was carried on, and where the money was

lost. Such proceedings were had in the action, that the judgment recovered against Clifford, Gossman and Marvin, was reversed as to Marvin. The judgment recovered against Clifford and Gossman, in case No. 11,689, for money won by them at gaming, and which remains in full force and unreversed, a lien on the property of the defendant Marvin, wherein the gaming was carried on with his knowlegde.

The defendant, by his second defense, raises the question as to whether or not said judgment in his favor is a bar to this action. We think this is settled against the defendant by the Supreme Court in the case of *Trout* v. *Marvin,* 62 Ohio St., 132. It is perhaps unnecessary to cite any other authority.

The issues tried in the former suit, as to Marvin being a winner of the money lost, did not necessarily involve the question now in dispute, namely, that the gaming in which the money was lost was carried on in defendant's property with his knowledge.

"Where a judgment or decree is relied on by way of evidence as conclusive *per se,* between the parties in a subsequent suit, it must appear by the record of the former suit that the particular controversy sought to be precluded was therein necessarily tried and determined." *Lessee of Lore* v. *Truman,* 10 Ohio St., 45.

In *Betts* v. *Starr,* 5 Conn., 550, 553, Bristol, J., laid down the rule as follows:

"Where the cause or object of two actions is different, though the matter or point in dispute is the same in both, a prior judgment is no bar to a subsequent action."

The difference between the effect of a judgment as a bar to a second action on the same demand, and its effect as an estoppel between the same parties upon a different cause of action, is clearly stated in the syllabus in the case of *Cromwell* v. *County of Sac,* 94 U. S., 351, as follows:

"The judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered."

The object of this action is to charge the defendant and his property with the lien of the judgment rendered against Clifford and Gossman, for gaming carried on and for money lost therein, with defendant's knowledge. This being the purpose and object of the action, it is not affected by the judgment rendered in his favor in the former action; wherein he was only charged with his co-defendants, as a winner in the game.

This conclusion does not necessarily determine the question as to the competency of the record in the former suit as a matter of evidence as to what was expressly and necessarily adjudicated in the first action (*Betts* v. *Starr, supra*). Therefore, we think the record in the former suit is competent for either party in case No. 966, but not competent for defendant for the same purpose in cause No. 965, as no such defense is set up or plead in that action.

Third. Are the plaintiff's causes of action barred by the statute of limitations?

The actions are instituted, not for the purpose of creating a lien upon the property of the defendant described in the petition, but for the purpose of identifying the property upon which liens were created or secured by the judgments in favor of the plaintiff in the actions against Clifford and Gossman, under Sections 4270, 4273, and 4275, Revised Statutes, and for the further purpose of ascertaining judicially, as against the defendant, Marvin, as owner of the property, the existence of facts upon which the statute declares such judgments to be a lien. This being the nature and object of the action, it is important to ascertain when these causes of action accrued to the plaintiff. Did they accrue to her when the causes of action accrued against Clifford and Gossman, in which the judgments were rendered, after the judgments were obtained?

We are of the opinion and hold, that these actions against the defendant, Marvin, did not accrue until the judgments were rendered against Clifford and Gossman, whose unlawful acts caused the plaintiff's injury.

The defendant, Marvin, as owner of the property, was not a necessary party to the actions against Clifford and Gossman. The statute, however, declares that a judgment, rendered as

these judgments were, shall be a lien upon the property of the owner until paid. But as the owner was not a party, and is not a necessary party to the suits in which the judgments were obtained, such liens can not be enforced by execution, but by an independent action; and such independent action accrues against the owner when the judgments are rendered, and not before. Therefore, the statute of limitations commence to run in favor of the defendant from the rendition of these respective judgments.

Granting that Section 4983, Revised Statutes, controls in such case, these actions are not barred. Cause No. 965 was commenced March 7, 1896, and is predicated on a judgment rendered at the March Term, 1895, of the common pleas court, to-wit, March 21, 1895; and cause No. 966 was commenced March 9, 1897, and is predicated on a judgment rendered at the September Term of said court, 1896. We find as a fact that said actions, to-wit, causes No. 965 and 966, were each duly commenced within one year from the rendition of the judgments upon which said actions are respectively predicated, and are not barred by the statute of limitations.

In support of the conclusion of law, as to the statute of limitations plead in the third defense, the following authorities are cited: Section 4983, Revised Statutes; *Cooper* v. *Rowley,* 29 Ohio St., 547; *Binder* v. *Finkbone,* 25 Ohio St., 103; *Mullen* v. *Peck,* 49 Ohio St., 447, 460; *Trout* v. *Marvin,* 62 Ohio St., 132.

Fourth. The object of these suits, as we have seen, is to make the judgments, recovered against Clifford and Gossman for money won by them at gaming, a lien on the property of defendant, where the gaming was carried on with his knowledge. What is the legal effect of the judgments as against the defendant?

In an action under Section 4275, Revised Statutes, to subject the premises where the gaming was carried on and the money lost to the payment of a judgment recovered against the winner for damages caused by such gaming, such judgment, when not impeached for fraud or collusion, is conclusive as to the facts: (1) That the moneys lost and winnings secured, which caused the plaintiff's injury, were lost in gaming, and were won by the

defendant in the judgment; (2) that the same were lost and won in violation of law; and (3) that the plaintiff, in consequence thereof, sustained damage to the amount of the judgment. And such judgments as to these facts are not open to dispute, by the owner of the premises, in an action brought against him under said section.

But allegations that the premises were leased by the owner to the lessees or proprietors of the business for the purpose of gambling or gaming therein, or that the same were, with his knowledge used or permitted to be used by them for that purpose, and that the money lost and won, which caused the plaintiff's injury, was lost and won in the premises, may be put in issue by the owner; and when that is done, as to these facts, the burden of proof is on the plaintiff. *Goodman* v. *Hailes,* 59 Ohio St., 342; *Binder* v. *Finkbone,* 25 Ohio St., 103; *Mullen* v. *Peck,* 49 Ohio St., 447.

Fifth.    Under the issues joined in these cases, the plaintiff must prove, in addition to the judgments against Clifford and Gossman, to subject the premises of the defendant, described in the petitions, to the payment of the lien and judgments under Section 4275, Revised Statutes: (1) That the premises were leased by the defendant, as owner thereof, to Clifford and Gossman to be used by them for the purpose of gambling and gaming; or (2) that with his knowledge he permitted them to use the premises for that purpose; and (3) that the money sought to be recovered was lost in said premises.

Considering the questions in this order, we do not think the evidence sustains the contention of plaintiff, that the premises were leased by the defendant to Clifford and Gossman for the purpose of being used by them for gambling or gaming. We do find as admitted facts, admitted by defendant's counsel, in open court, and for the purposes of these trials:

"That between the nineteenth day of March, 1893, and the twentieth day of June, 1894, the premises described in the petitions were used for gaming purposes by Clifford and Gossman, and that they are the same premises in which the money represented by the judgments set up in the petitions is claimed to have been lost. It is also conceded that the judgments were

rendered against Clifford and Gossman.  It is further conceded that Clifford and Gossman occupied no other premises and conducted no gambling, during the period specified in the petitions, except in the defendant's premises, referred to in the petitions as lot 86; and without admitting that plaintiff's husband in fact did gamble with Clifford and Gossman, between March 19, 1883, and June 20, 1894, it is admitted by counsel for defendant, for the purpose of this trial, that if plaintiff's husband did so, such gambling was done in the building, and upon the premises of the defendant, described in her petition.''

With these admissions the material facts in dispute are reduced to substantially two questions:

1.   Did the plaintiff's husband gamble at Clifford and Gossman's between March 19, 1893, and June 20, 1894?  2.  Did the defendant with knowledge permit Clifford and Gossman to use said premises for the purpose of gambling?

1.   On the first issue we find, as a fact, that the plaintiff's husband, between the dates set forth in her petitions, did gamble with Clifford and Gossman, as alleged in her petitions, and that the moneys sought to be recovered in these actions were lost by her said husband and won by said Clifford and Gossman, and in the premises owned by the defendant, which are particularly described in her petition.

2.   Did the defendant have knowledge, or could he have had knowledge, by the exercise of reasonable care and diligence, that his said premises were so used, and had been so used during all the time between March 19, 1893, and June 20, 1894, by Clifford and Gossman for the purpose of gambling contrary to law?

Mere want of caution on the part of defendant will not be sufficient to charge him with knowledge of the unlawful use of his premises.  But if he knew enough, as to the purpose for which they were being used by his tenants, to put a prudent man on inquiry, it became his duty to make reasonable inquiry, and if he failed to do so, he is chargeable with notice of the unlawful use.  If a party obtains knowledge or information of facts sufficient to put a reasonably prudent man upon inquiry, then the necessary inference is, that he acquired the information which constitutes actual notice.  2 Pomeroy Equity, Section 597.

The principal contention on the facts is upon the last propo-

sition, and this contention arises mainly as to the competency of evidence offered by the plaintiff to sustain the issue on her part as to knowledge of the defendant. It being admitted that, between March 19, 1893, and June 20, 1894, that the premises described were used for gaming purposes by Clifford and Gossman, and that they are the same premises in which the money, represented by the judgments against Clifford and Gossman, was lost, for the purpose of proving the defendant's knowledge that his premises were so used, evidence is offered to show the general reputation in the neighborhood, or in the city of Findlay, where the premises are located and the defendant lives, that said premises were kept and used by Clifford and Gossman as a gambling place.

The rule as to such evidence is, that to prove knowledge of a particular fact, it is competent to show that such fact was at the time generally known and talked about in the neighborhood where the party to be charged with knowledge resided, or was a matter of common reputation in the business community where the party to be charged with knowledge lives. 1 Wharton Law of Evidence, Section 252; *Adams* v. *State*, 25 Ohio St., 584; *Lee* v. *Kilburn*, 69 Mass. (3 Gray), 594; *Heywood* v. *Reed*, 70 Mass. (4 Gray), 574; *Cobleigh* v. *McBride*, 45 Ia., 116.

The objective fact, namely, that Clifford and Gossman kept a gambling place in the premises of defendant being admitted, then to charge defendant with the knowledge thereof the reputation of the place may be shown to prove such knowledge.

We therefore hold that the evidence offered by plaintiff as to reputation of the place kept by Clifford and Gossman, so far as it related to the reputation in Findlay, or in the vicinity, is competent, and defendant's objection thereto is overruled; and the motion to rule out the same is overruled; exceptions noted. The evidence on the same subject, that tended to prove reputation elsewhere than at Findlay and in the vicinity, is ruled out, and the motion for that purpose is sustained.

All other objections of defendant to the evidence of plaintiff, not specially ruled on by the court at the trial, are overruled with exceptions noted.

The record evidence, namely, the records in original cases, in which the judgments against Clifford and Gossman were recovered, and offered by defendant to support his contention, that said plaintiff's actions herein are barred by the judgment in his favor in said original actions, and that such judgment is *res adjudicata* here, are not competent for such purpose, in behalf of defendant in cause No. 965, for the reason no such defense is made by plea in said action.

The records are competent evidence under the second defense, and the reply thereto, in cause No. 966; and the court hold that said record does not sustain defendant's plea, and said action No. 966 is not barred or affected by the judgment rendered in favor of defendant in said former action.

From the direct evidence offered by the plaintiff, being conversations had by her with defendant, in reference to her husband losing money at gambling at Clifford and Gossman's prior to bringing these original actions; circumstances of defendant being sued by others prior to these actions for money lost at the same place and in the same way, he taking part in the settlement of actions, where Clifford and Gossman with himself had been sued to recover money lost at gaming in these premises; and from the general reputation of the place, as being a gambling place, kept by Clifford and Gossman, we hold that the evidence is sufficient to charge defendant with actual knowledge of the purpose and use made of said premises, by his lessees, Clifford and Gossman.

The court having sufficiently indicated its finding of fact upon the issues joined in said actions, and also its conclusions of law arising in the cases, we hold that the plaintiff is entitled to the relief prayed for in her petitions, and a decree will be entered accordingly with costs.

To which findings of fact and conclusions of law the defendant excepts.

Motion for new trial filed and overruled; twenty days allowed for finding of facts; statutory time for bill of exceptions.

*Poe & Poe,* for plaintiff.

*Phelps & David, J. A. & E. V. Bope, E. T. Dunn* and *Alfred Graber,* for defendant.